## MOON v. BRUCE.

1. ESTOPPEL—DOWER.—If a woman may execute to her husband such an instrument as will estop her from claiming dower in his lands, such instrument must be entirely free from doubt, clear, positive and express in terms, in renouncing her right to dower, and under this rule the instrument here in question construed not to have that effect, under the Constitution of 1868.

2. DOWER.—Can a wife renounce her right to dower except by the examination provided by statute?

Before ALDRICH, J., Pickens, January, 1901.    Reversed.

Action by Mary Moon against Hattie Bruce.    From judgment for defendant, plaintiff appeals.

*Messrs. Morgan & Blassingame,* for appellant, cite: *As to construction of instrument in bar of dower:* 34 S. C., 85 ; 20 S. C., 560.

*Messrs. Blythe & Blythe,* contra (oral argument).

March 17, 1902.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The plaintiff brought this action to recover dower in a tract of land in Pickens County, which was in the possession of the defendant, to whom A. H. Moon, plaintiff's husband, had devised said land pursuant to his contract as established in *Bruce* v. *Moon,* 57 S. C., 60. The defense relied on by defendant was that plaintiff is estopped to claim dower by reason of her execution of a writing under seal, which is hereinafter set forth, and the acceptance of the consideration therein mentioned.    The Circuit Court held that plaintiff was estopped to claim dower by said instrument and dismissed the complaint, and the correctness of this ruling is the real controversy here.

It appears that the plaintiff was married to A. H. Moon in 1863, and lived with him until August, 1883, when they separated, the plaintiff executing the following instrument, which she called the contract of separation :

"State of South Carolina, county of Pickens.    Know all men by these presents, that I, Mary E. Moon, of Pickens County, and the State of South Carolina, am the wife of A. H. Moon, for and in consideration of the sum of $1,600— $600 of the said sum to be rated and consist of good personal property, to wit : One mule, one horse, cows, hogs, wagon

and buggy, farming tools, household and kitchen furniture, and also the present crop of every sort, growing upon the lands of the said A. H. Moon, and $1,000 which he, the said A. H. Moon, allows me in the purchase of one tract of land, situated in the county and State aforesaid, made by me from him, to me paid by the said A. H. Moon, of the county and State aforesaid, have remissed, released and forever discharged, and by these presents do, for me, my heirs, executors and administrators, remise, release and forever discharge the said A. H. Moon, his heirs, executors and administrators, of any and all manner of action and actions, cause and causes of actions, suits, debts, dues, sums and sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, damages, judgments, extents, executions, claims and demands whatever, in law and equity whatsoever, and especially for any alimony, or on account of any money, credits or property whatsoever, which he, the said A. H. Moon, may have any time come in possession of, from me or by me, in any way, which against the said A. H. Moon I ever had, now have, or which I, my executors, administrators, hereafter can, shall or may have, for, upon or by reason of, any matter, cause or thing, whatsoever, from the beginning of the world to the end of time.

"In witness whereof I have hereunto set my hand and seal, the 10th day of August and in the year of our Lord 1883, and the 108th year of the independence of the United States of America. Mary E. Moon [seal]. Signed, sealed and delivered in the presence of J. B. Smith, E. H. Bates."

It will be observed that the contract was executed in 1883, and must, therefore, be governed by the Constitution of 1868 then in force. Now, if it be true, under the authority of the cases of *Shelton* v. *Shelton,* 20 S. C., 566, and *Smith* v. *Oglesby,* 33 S. C., 197, that a married woman, without the private examination and the formalities required by the statute in relation to the renunciation of dower, could upon valuable consideration execute

such a contract as would estop her from claiming dower, it is also true that under the same authorities, that to have such effect the contract "should be entirely free from doubt, clear, positive and express in terms." In the case of Smith *v.* Oglesby, the language of the agreement was express, "to release all her right and title to dower in said land, &c." On examining the contract in this case, we find no language which shows in clear and positive words an agreement to release dower. If the intention was to agree to release dower, is it not remarkable that the draughtsman with his wonderful vocabulary of legal terms should omit to mention dower? It is true, the plaintiff agrees to release "A. H. Moon, his heirs, executors and administrators * * * all causes of action * * * claims and demands whatever * * * which against the said A. H. Moon, I (the plaintiff) ever had, now have or which I, my executors, administrators hereafter can, shall or may have for, upon or by reason of any matter, cause or thing, whatsoever, from the beginning of the world to the end of time." This seems very comprehensive and sweeping, but it should be noticed that the causes of action, claims and demands released were such as then existed or may hereafter exist *against A. H. Moon, his heirs, executors and administrators.* The claim of dower did not and never could exist against A. H. Moon, her husband, since it could not arise until his death, nor could such claim ever exist against the heirs, executors and administrators of A. H. Moon *as such.* Such cause of action depending upon coverture, seizin and death of the husband before the wife, is not against the husband's heirs, executors or administrators as such, but against the party in possession. There is no release in behalf of the assigns, grantees or devisees of the husband. Moreover, the contract shows on its face that its principal object was to release A. H. Moon, his heirs, executors and administrators, from all claims for alimony and on account for moneys, credits and property which A. H. Moon may have come in possession of, from or by his wife.

9—63

Having reached the conclusion that the intention to covenant to release dower is not clearly manifest from the terms of the instrument, it becomes unnecessary to consider whether the plaintiff had power to make such a contract to release dower as would estop her except by compliance with the statute, which prescribes the mode by which the favored right of dower shall be renounced. But see *Townsend* v. *Brown,* 16 S. C., 91; *McKenzie* v. *Sifford,* 52 S. C., 108; and also *Brown* v. *Peckman,* 53 S. C., 2, which last mentioned case is in reference to the renunciation of inheritance of a married woman.

The judgment of the Circuit Court is reversed.