(66 Misc. Rep. 33.)

### JARDINE v. O'HARE.

(Supreme Court, Special Term, Albany County.   January, 1910.)

1. DESCENT AND DISTRIBUTION (§ 62*)—RIGHTS OF SURVIVING HUSBAND—SEPARATION AGREEMENT.

Where a wife living apart from her husband agrees not to call upon him for support, and he agrees to make no claims against her, releasing her from all claims whatsoever, the husband, on the death of the wife, is entitled to the same distributive share in her estate that he would have had if no agreement had been made.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 186–189; Dec. Dig. § 62.*]

2. DESCENT AND DISTRIBUTION (§ 63*)—RIGHTS OF SURVIVING HUSBAND.

A husband's rights to a distributive share in the estate of his wife are not affected by his commission of acts that would have given his wife grounds for divorce, where no such divorce had been in fact obtained.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 190–193; Dec. Dig. § 63.*]

Action by William Jardine against Franklyn O'Hare.  Demurrer to complaint sustained.

See, also, 60 Misc. Rep. 269, 113 N. Y. Supp. 281.

Jacob L. Ten Eyck, for plaintiff.
John H. Dugan, for defendant.

CHESTER, J.  The defendant demurs to the complaint for insufficiency.  The plaintiff, as heir at law and next of kin of his daughter Emma O'Hare, brings the action for the purpose of having it adjudged that he is the sole and absolute owner of all the real and personal estate of which she died seised and possessed, subject to the payment of her debts and funeral expenses and the expenses of administration of her estate.  The defendant, Franklyn O'Hare, was her husband.  In March, 1900, he and his wife entered into an agreement of separation because of unhappy differences which had arisen between them.  In that the wife agreed that she would not call upon her husband for support and would make no demands whatever upon him; and he, in turn, agreed "not to make any claim of any kind against his said wife, and releases her from any and all claims whatsoever."  Subsequently

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereto she died, and letters of administration upon her estate were granted to the defendant, her husband. It may be conceded, for the purpose of this case, without deciding it, that the agreement of separation was valid. Regarding the agreement as valid, it could have no further effect upon the marital relations than would a judgment of separation in an action between them. Under either she would still remain his wife and he her husband. In the one case they would be living separate and apart by virtue of the agreement, and in the other by virtue of the decree of separation. She would still have whatever rights the law gave her in his estate; and his rights in her estate, on the contrary, would not be affected thereby. There has been no divorce between the parties, and their marriage still remains in full force and effect.

The agreement between the parties cannot be regarded as a waiver of any of their legal rights beyond the express terms thereof; and, while he agrees not to make any claim of any kind against her and releases her from any and all claims whatsoever, there is no release of any claims or rights which the law gives him in her estate upon her death.

The charge is made in the complaint in general language that, during certain months named, the defendant "committed many acts of adultery with divers persons and treated the said Emma O'Hare in a vicious, cruel, and inhuman manner"; but no divorce has ever been had, and this charge does not affect the marital rights of the husband in the wife's estate. It has even been held, where an interlocutory decree of divorce on statutory grounds had been entered against a wife, and where the husband died prior to the entry of the final decree, that a final decree thereafter entered was unwarranted, extrajudicial, and ineffective, and did not prevent the wife's right to dower in her husband's estate. Bryon v. Bryon, 134 App. Div. 320, 119 N. Y. Supp. 41. The same principle must apply with respect to a husband's rights in his wife's estate and to a charge of adultery against him. It cannot be held that such a charge, not followed by a final decree based on proof thereof, will affect the property rights of the parties. Pitts v. Pitts, 52 N. Y. 595; Schiffer v. Pruden, 64 N. Y. 47.

If this view is correct, the complaint fails to state a cause of action; and the demurrer must be sustained.

Demurrer sustained, with costs.