## McVay's Estate.

*Husband and wife — Separation agreements — Construction — Dower—Waiver of dower right by understanding at time of signing.*

1. In the absence of an express release of dower a widow's right thereto cannot be prejudiced by a mere inference.

2. Under a separation agreement entered into between a husband and a wife providing that certain payments should be made to the wife, that they should live apart, and that the wife would sign all proper releases and other deeds of conveyance, which her husband might at any time thereafter present to her for her signature for the release, lease, sale or transfer of any property belonging to him, the wife did not lose her right of dower, in the absence of an express provision releasing it.

3. Where it appeared, however, that at the time of entering into the agreement, the wife was represented by an attorney, that he was familiar with the estate of her husband and knew of what property it consisted, and that she was advised by her attorney and knew that all she would ever get out of his estate would be the money and property secured to her under the agreement, and. executed the contract with that understanding, she could not after his death successfully assert a dower interest in his estate.

4. In such a case the contention that a reconciliation between the wife and her husband entitled her to dower was without merit,

where the lower court found as a fact that no reconciliation had been effected, and such finding had not been assigned as error.

5. In such case the fact that an attorney was permitted to testify as to confidential communications between himself and his client, was not ground for reversing the decree, where no objection to the evidence was made at the time the attorney was examined and no assignment of error complained of the admission of such evidence.

Argued Oct. 1, 1917. Appeal, No. 21, Oct. T., 1917, by Margaret Miller McVay, from decree of O. C. Greene Co., June T., 1914, No. 3, refusing a decree fixing petitioner's dower, in decedent's real estate, in Estate of George McVay, deceased. Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ. Affirmed.

Petition for a decree fixing the dower of a widow in the real estate of her deceased husband. Before Ray, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition. Petitioner appealed.

*Error assigned* was the decree of the court.

*Challen W. Waychoff*, with him *Charles H. King* and *James Inghram*, for appellant.—The petitioner's right of dower was not released under the separation agreement, which she made with her husband: Estate of William Moore, Sr., Dec'd, 30 P. L. J. 394.

The testimony of the attorney who represented the petitioner at the time of the execution of the agreement was not admissible: Thomas v. Herring, 244 Pa. 550, 557; Jeanes v. Fridenberg, 3 Clark 199; Barry v. Coville, 53 Hun. 620; Foster v. Hall, 29 Mass. 89, 95; Moore v. Bray, 10 Pa. 519.

There was a reconciliation between deceased and her husband.

*Frank W. Downey*, with him *James J. Purman*, for appellees.—The separation agreement was a sufficient re-

lease of dower: Dillinger's App., 35 Pa. 357; Shimp v. Gray, 41 Pa. Superior Ct. 542.

The agreement was intended to bar the widow's dower. Findings of the court to this effect were not assigned as error.

There was no reconciliation between the parties.

Opinion by Mr. Chief Justice Brown, January 7, 1918:

Margaret Miller McVay is the widow of George Mc-Vay, who died March 9, 1914, and this appeal is from a decree denying her the right to have her dower fixed in the real estate of which he was seized at the time of his death. Her petition for partition was dismissed, on the ground that, by articles of separation executed by her and her husband on March 28, 1910, she had released all interest in his estate. In accordance with the terms of the agreement to separate, George McVay paid his wife $3,000, and his covenant was: "The said George McVay will suffer the said Margaret McVay, at all times henceforth, during her natural life, to live separate and apart from him, and to sojourn, be, and reside in such place and places, and family and families, and with relatives, friends, and to follow and to carry on such trade and business as she, the said Margaret McVay, from time to time, at her will and pleasure (notwithstanding her coverture, and as if she were feme sole and unmarried), shall think fit. And that the said George McVay will and shall not sue, molest, or trouble the said Margaret McVay at any time or times hereafter, for so living separate and apart from him, or any other person or persons whatsoever for receiving, harboring, or entertaining her; nor shall, nor will without the consent of the said Margaret McVay visit her or knowingly come into any house or place where she may dwell or reside, or be; nor shall or will, at any time hereafter, claim or demand any of the rings, jewels, plates, clothes, linen, woolen, household goods, or stock in trade, which the said Margaret

McVay now hath in her possession, custody or power, or which she may hereafter acquire by purchase, gift, devise, bequest or otherwise, and that she shall and may enjoy and absolutely dispose of the same as if she were a feme sole and unmarried." Her covenant was: "The said Margaret McVay hereby covenants and agrees to sign all proper releases, leases, and other deeds of conveyance which the said George McVay may at any time hereafter present to the said Margaret McVay to sign for the release, lease, sale or transfer of any property or interest therein, which may be presented for her to sign and in which the law requires her to join for and during her natural life"; and the last clause in the agreement is as follows: "It is hereby agreed and expressly understood by and between the parties hereto that the true intent and meaning of these presents are, that the said George McVay be guaranteed, indemnified and secured against any debt, contract or expense to be hereafter contracted by or on account of the said Margaret McVay, his wife, with any person or persons whatsoever and that the said George McVay shall not at any time in the future, be liable for the maintenance, support of the said Margaret McVay under statute made and provided for in such case or in any other manner whatsoever."

The first contention of the appellant is that the articles of separation are not, on their face, a bar to her right of dower in her husband's real estate. The learned court below seems to have evaded this question and held that they were a bar, because, at the time she executed them, she understood that she would never be entitled to anything more out of her husband's estate.

It may be noted that the husband's covenant does not release any interest that he then had or might subsequently have in real estate belonging to his wife; and she released no dower right by her covenant, which is nothing more than an agreement to sign all proper releases, leases and other deeds of conveyance which her husband might at any time thereafter present to her for her signa-

ture in the lease, sale or transfer of any property belonging to him. In the absence of an express release of dower, her right to it is not to be prejudiced by any mere inference: Lazear v. Porter, Assignee, 87 Pa. 513. Neither of the two cases cited by counsel for appellees sustains their contention that the articles of separation bear on their face a release of dower. In Kaiser's Est., 199 Pa. 269, the wife released all her rights in any property of her husband, real or personal, which he then owned or might thereafter acquire, as fully as if their "marriage had never taken place"; and in Scott's Est., 147 Pa. 102, the release of the widow was of all her rights which she "might or could claim under or by virtue of the marriage relations between her and the said John Scott."

While the articles of separation between the appellant and her husband are not in themselves a bar to her right of dower, the court found the following fact: "At the time of entering into this agreement of separation, the wife was represented by Ernest F. Moore, an attorney, of Moundsville, West Virginia. She was familiar with the estate of her husband and knew of what property it consisted. She further knew and understood prior to the execution of the said agreement, and was so advised by her attorney, that all she would ever get out of his estate would be the money and property secured to her by the agreement...... With this understanding the contract was executed." This finding has not been assigned as error, and it is, therefore, binding upon the appellant. But it is urged that it was based upon the testimony of her counsel, which ought not to have been received, in view of the confidential relation which existed between them. No such objection to his testimony was made at the time he was examined, and there is no assignment of error before us complaining of its admission. As to the contention that a reconciliation between the appellant and her husband entitles her to dower, it need only be said that a fact found by the court,

and not assigned as error, is that there had been no reconciliation. In view of these two unchallenged findings, the order of the court below, discharging the rule to show cause why a writ of partition should not be awarded, cannot be disturbed, and the single assignment of error, which complains only of that order, is dismissed.

Decree affirmed at appellant's costs.