CLARK *v.* CASTNER.

1. HUSBAND AND WIFE—DESCENT AND DISTRIBUTION — HUSBAND HEIR OF WIFE.

Under 3 Comp. Laws 1915, § 11795, where a wife dies without issue, one-half of her real estate descends to her husband, unless his right to take by descent is barred by agreement or otherwise.

2. SAME—ANTENUPTIAL AND POSTNUPTIAL AGREEMENTS GENERALLY UPHELD.

Antenuptial agreements made in contemplation of marriage and postnuptial agreements made after actual separation or the institution of divorce proceedings have generally been upheld and enforced.

3. SAME—SEPARATION AGREEMENTS BAR ONLY RIGHTS ENUMERATED OR REASONABLY INFERABLE.

Separation agreements between husband and wife, made in contemplation of divorce, bar only such rights in the estate of the deceased spouse, where the contemplated divorce was never procured, as are expressly enumerated or are reasonably inferable from the language employed.

4. SAME—SEPARATION AGREEMENT WHICH DID NOT BAR HUSBAND'S RIGHT AS HEIR OF WIFE WILL NOT BE GIVEN SUCH EFFECT.

An agreement between husband and wife, made in contemplation of divorce, which provided that "neither will make claim against the other in the future for any property, property rights or care, support and attention, and that neither will make claim against the other for expense money, alimony, temporary or permanent, in the prosecution of a complaint for divorce," did not bar the husband from taking an interest in her land as an heir at law, where she died without issue before the contemplated divorce was procured.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted April 3, 1928. (Docket No. 3.) Decided June 4, 1928.

[1]Descent and Distribution, 18 C. J. § 84; [2]Husband and Wife, 30 C. J. § 234; [3]Descent and Distribution, 18 C. J. § 98.

· Bill by Charles H. Clark, individually, and as administrator of the estate of Mary C. Castner, deceased, against Charles Wesley Castner and others to determine the title to land. From a decree for defendant Castner, plaintiff appeals. Affirmed.

*David Anderson,* for plaintiff.

*Earl L. Burhans* and *Robert H. Cavanaugh,* for defendant Castner.

FELLOWS, J. Plaintiff Clark, brother of Mary C. Castner, individually and as administrator of her estate, files this bill to have determined the title to 62 acres of land located in Porter township, Van Buren county. Defendant Charles Wesley Castner was the husband of deceased. The other defendants are interested with plaintiff in the outcome of the case as heirs at law of deceased. Mr. and Mrs. Castner were married in 1883; they had no children. He inherited 37 acres of the land in question from his father and purchased an additional 3 acres. She bought on land contract from his brother, who inherited it from his father, the other 22 acres. Which one of them actually furnished the consideration for this purchase is left in doubt. The title to the 62 acres was placed in them as tenants by the entireties. Their married life was not entirely happy, and in 1921 Mrs. Castner filed a bill for divorce. Mr. Castner did not appear, and a decree was entered for divorce and awarding Mrs. Castner the entire 62 acres of land. Mr. Castner filed a petition accompanied by an answer asking that the default and decree be set aside. This was done. Thereafter the parties with the aid of counsel made an agreement by which Mr. Castner agreed to convey his interest in the 62 acres to her and she was to pay him in cash $2,100, and he was to have some of the household effects. The agreement referred to the pendency

of the divorce case and contained the following clause:

"It is understood this is made in settlement of the property rights of the parties; that neither will make claim against the other in the future for any property, property rights or care, support and attention, and that neither will make claim against the other for expense money, alimony, temporary or permanent, in the prosecution of a complaint for divorce."

Mr. Castner executed and delivered the deed to his wife and she paid him the $2,100, mortgaging the farm for this sum.    Nothing further was done in the divorce case, and about two years later Mrs. Castner died intestate and without having disposed of the land. The sole question is whether Mr. Castner takes an interest in the land by descent as heir at law of his wife.

Mr. Castner was the lawful husband of Mrs. Castner when she died.    As such lawful husband, there being no issue, one-half of the land descended to him (3 Comp. Laws 1915, § 11795) unless his right to take by descent was barred by the agreement of the parties. Antenuptial agreements made in contemplation of marriage, and postnuptial agreements made after actual separation or the institution of divorce proceedings have generally in this country been upheld and enforced.    This court has been called upon more frequently to deal with antenuptial agreements, but postnuptial agreements have not infrequently come before us.    In *Bechtel* v. *Barton*, 147 Mich. 318, where the husband and wife separated and the wife had agreed that "said notes and cash as aforesaid shall be in full of all claims to and right for dower, support and of all claims of every name, nature and description," it was held that the wife by the terms of the agreement was barred from participating in the estate of the deceased husband, although the case was finally made to turn on

a question of fact, the court finding on the facts that the contract was unconscionable and unenforceable.

In the case of *In re Berner's Estate,* 217 Mich. 612, a property settlement in contemplation of divorce proceedings was entered into and the wife released

"dower, thirds or allowances either statutory or arising at common law incident to the marriage relation, intending hereby to relieve the said first party entirely from all personal claims and demands and from any that may hereafter attach, arising in any manner from the relation of husband and wife."

It was held that upon his death she was not entitled to administer his estate.

The agreement in *Re Jeannot's Estate,* 212 Mich. 442, released dower and also each released the other from "any claims which they have or may hereafter have in or to the property of the other," and it was held that upon the death of the wife before the completion of the divorce proceedings, the husband was by the agreement barred from claiming an interest in her estate. In *McKelvey v. McKelvey,* 112 Mich. 274, the word "dower" was not used in the agreement, but it was found by the court that the wife fully understood it to have been included in the settlement and her action for dower was held to have been barred.

The difficulty we encounter in the instant case is due to the fact that we find no apt language in the agreement barring the husband's interest as heir at law in case the wife died without having procured a divorce and without having disposed of the real estate by will or otherwise. An examination of the authorities is satisfying that by their weight it is established that such settlement agreements bar and only bar such rights in the estate of the deceased spouse as are expressly enumerated or are reasonably inferable from the language employed; some authorities say "clearly" inferable. In 18 C. J. p. 857, it is said:

"However, the rights of inheritance in the property of the husband or wife are not to be denied the surviving spouse on account of a separation agreement, unless the purpose to exclude him or her is expressed or clearly inferable, and then no further than the agreement clearly requires.    A mere agreement between husband and wife in contemplation of divorce, by which specific articles of property are to be held by each separately, is no bar to the rights of the surviving husband, if no divorce has in fact been granted."

The following cases sustain the text: *Stewart* v. *Stewart*, 7 Johns. Ch. (N. Y.) 229; *Beard* v. *Beard*, 22 W. Va. 130; *Jones* v. *Lamont*, 118 Cal. 499 (50 Pac. 766, 62 Am. St. Rep. 251); *Smith* v. *Smith*, 57 Ohio St. 27 (48 N. E. 28); *Kistler* v. *Ernst*, 60 Kan. 243 (56 Pac. 18); *Williams* v. *Coffman*, 31 Ky. Law Rep. 151 (101 S. W. 919); *Newton* v. *Truesdale*, 69 N. H. 634 (45 Atl. 646); *Willis* v. *Jones*, 42 Md. 422; *Coatney* v. *Hopkins*, 14 W. Va. 338; *Jardine* v. *O'Hare*, 122 N. Y. Supp. 463; *Girard* v. *Girard*, 29 N. M. 189 (221 Pac. 801, 35 A. L. R. 1493, and note).

In *Stewart* v. *Stewart*, *supra*, it was said by Chancellor Kent:

"I believe it has been the invariable practice, and that the uniform course of the precedents will show it, that when it is intended in a marriage settlement to exclude the right of the husband to her personal property, in the event of his surviving her, and in default of her appointment, an express provision to that effect is inserted in the deed.   *   *   *   The settlement cannot be extended, by construction, beyond the just and fair import of its provisions; and, clearly, the court cannot create a settlement, or a disposition of property, in violation of the *jus mariti*, when none has been made by the party."

In *Jones* v. *Lamont*, *supra*, it was said:

"We do not think the courts should come to the aid of these contracts so as to deprive either the husband or wife of the property rights growing out of the married relation, except where there is a clear and

unmistakable intention to barter away such rights. Even where 'unhappy differences' exist, it is quite consistent with the separation to so divide the property that in the event of death the statute of succession and descents shall control its devolution. That there was an intention in this case to defeat the law of inheritance, or to waive its beneficial provisions, we do not think can be ascertained from anything in the contract, or from any extrinsic facts before us."

In *Willis* v. *Jones, supra,* the Maryland court had before it substantially the same question we have here. In disposing of the case it was said:

"This agreement as well as these conveyances profess to deal only with specific articles and pieces of property, and we find in them nothing whatever evidencing an intention on the part of the husband to abandon his rights to all the property his wife might thereafter acquire and die possessed of, in case there was no divorce. To give this agreement that construction would require us to incorporate into it terms and language which the parties have not used, and this we cannot do. It is clearly no abandonment of the rights the husband now asserts."

We have quoted the language of the settlement agreement upon which plaintiff and those interested with him must rely to sustain their claim. It clearly does not expressly bar Mr. Castner from an interest as heir at law in case Mrs. Castner died without obtaining a divorce or disposing of the property by will or otherwise. Nor are we persuaded that such a bar is reasonably inferable from the language employed. Nor are we persuaded that giving consideration to the surrounding circumstances, as plaintiff insists we should, would change the result. From a consideration of the terms of the agreement in connection with the surrounding circumstances it is reasonably inferable that the parties contemplated that Mrs. Castner would proceed with her divorce case and obtain a decree. With that in view, they evidently did not

contemplate, at least they did not contract, for a condition which would or might arise if the divorce was not granted. They have failed to provide for such a condition and have failed to make a contract with reference to it. The court may not make a contract for them.

The decree will be affirmed, with costs. The costs should be paid by plaintiff and the defendants interested with him in defeating the claim of Charles Wesley Castner.

FEAD, C. J., and NORTH, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.