[S. F. No. 14105. In Bank.—February 9, 1932.]

In the Matter of the Estate of JOSEPH MINIER, Deceased. MARGARET MINIER, Appellant, v. CLAIRE MARCOUX et al., Respondents.

James L. Deering, Carter, Peterson & McDonough, Carter & Peterson and W. Reginald Jones for Appellant.

Abe P. Leach for Respondents.

CURTIS, J.—Joseph Minier, the deceased, and the appellant Margaret Minier, were on November 20, 1919,

husband and wife and remained such until the death of the said Joseph Minier on May 25, 1928. Prior to his death and on January 4, 1919, the said Joseph Minier made his last will and testament by the terms of which he purported to dispose of his entire estate. Among the beneficiaries under said will was the appellant who received a bequest of $100 by the terms of said will. Said will was admitted to probate on June 9, 1928. Within one year thereafter, and on May 1, 1929, appellant instituted a contest of said will, and asked that the probate of said will be revoked on the ground that at the time of the execution of said will said decedent was of unsound mind. No contest to the probate of said will had been filed by appellant or by any other person prior to the probate thereon of June 9, 1928. The proponents of said will appeared in said proceeding, and among other pleadings filed an amended answer to appellant's petition for the revocation of the probate of said will in which, as a separate defense challenging the right of the appellant to maintain said contest, they set up a separation agreement entered into by the decedent and the said appellant on November 20, 1919. This agreement was executed by each of the parties thereto and among other things provided: ''That, whereas certain differences have arisen between said parties which seem to be irreconcilable, the said parties have mutually agreed, the one with the other, and do hereby mutually agree to separate, the one from the other, and from this time on to continue to be separated the one from the other, and from this time on neither of said parties shall have or claim anything from the other, and each of said parties does hereby release the other in full of all claims and demands of every nature and kind whatsoever, as well in the past as in the present and future and shall be and remain separate from each other, and in case of any action for divorce being brought by either of said parties against the other, neither of said parties will claim or demand from the other any costs, counsel fees or alimony or any other property, claim or demand of any kind whatsoever.'' Following the paragraph just quoted the parties to said separation agreement made a division of the real property belonging to them by the decedent conveying all of his right, title and interest in a certain portion of said real property to the appellant and by the appellant making a

similar conveyance to certain other real property to the decedent. To this amended answer the appellant interposed a demurrer and motion to strike. Thereafter the court made its order overruling said demurrer and denying said motion to strike, to which order the appellant duly excepted. By stipulation of the parties, the court thereafter tried the issue made by said amended answer as to the appellant's right to maintain said contest, and determined that appellant, by the execution of said separation agreement, had waived all right of inheritance to the property of the decedent and consequently was not a party interested in said estate and was not, therefore, entitled to maintain said contest. The court accordingly dismissed the same. It is from this judgment of dismissal that the appellant has taken the present appeal. The finding of the trial court that appellant had waived all right of inheritance to the property of her deceased husband was predicated entirely upon the written separation agreement above referred to. While oral evidence was received at the trial of the issue before the court, this evidence simply showed that since the execution of said agreement the parties thereto had lived separate and apart from each other, and although each of them lived during said time in the city of Oakland and frequently saw each other, the appellant after the execution of said separation agreement never made any demands upon decedent for any money, property, or any other thing. It further appeared from said evidence, and the court found, that the decedent had paid to appellant the sum of $750 at the date of the execution of said agreement as a further consideration for her execution thereof, but the court also found that the larger part of said sum of $750, was the property of the appellant, she having loaned the same to decedent while they were living together as husband and wife.

It is contended by appellant that this case is governed by the decision of this court in the case of *Estate of Jones,* 118 Cal. 499 [62 Am. St. Rep. 251, 50 Pac. 766], while respondent relies upon the case of *Estate of Davis,* 106 Cal. 453 [39 Pac. 756], to sustain the judgment herein. These two cases are alike in this, that they each involve the construction of a separation agreement between husband and wife whereby the parties thereto decided to live separate and apart from each other and accordingly divided among them-

selves and conveyed to each other certain property, either owned by them as husband and wife, or in which said parties had, or were supposed to have, some interest. Each of said separation agreements contained a release provision in which each of the parties thereto released the other from certain obligations and liabilities arising out of the marital relation. They differ, however, as to the nature and extent of these release clauses. In the *Estate of Davis, supra,* the release provided that the wife, "hereby does relinquish and does surrender forever all claims of any nature she may now or hereafter have against any property that said W. W. Davis [the husband] may now have or may hereafter in any manner acquire". Under this release the court held that the wife on the death of her husband, from whom she was living separate and apart at the time of his death, was not entitled to succeed to any part of the husband's personal estate, and neither she nor her nominee was entitled to letters of administration on the deceased husband's estate. In *Estate of Jones, supra,* there was a mutual release, "from all obligations and liabilities for the future acts and debts of each other". It was held that such a release did not amount to a waiver or release by either of the right to succeed to all or any portion of the other's estate. The fundamental difference in these two releases, as we view them, is that in one, that is *Estate of Davis, supra,* the release attaches to the property of the spouses and extends to all property acquired by them in their lifetime or owned by them at the time of death. "The obvious purpose", as was said in *Estate of Davis, supra,* at page 455, "was not only to definitely sever the property rights of the parties, but mutually to relinquish and release all inheritable interest of each in the property and estate of the other". While in the other (*Estate of Jones, supra*) the agreement of the parties was simply to release each party from all personal liability to the other, or in the exact words of the release, "each party is hereby released and absolved from all obligations and liabilities" both present and future. In this release nothing was said about any release of property rights, existing at the date thereof, or that might spring into existence thereafter. In construing such a release the court said at page 502 of the opinion, "We do not think the courts should come to the aid of these contracts so as to deprive

either the husband or wife of the property rights growing out of the marriage relation, except where there is a clear and unmistakable intention to barter away such rights.''

Turning now to the release provisions of the separation agreement between Mr. and Mrs. Minier, we can readily see that it partakes more of the characteristics of the release construed in the *Estate of Jones, supra*, rather than that in the *Estate of Davis, supra*. It reads, ''from this time on neither of said parties shall have or claim anything from the other, and each of said parties does hereby release the other in full of all claims and demands of every nature and kind whatsoever, as well in the past as in the present and future''. This language differs in no material respect from the release clause in the *Estate of Jones, supra*. There the release was of ''all obligations and liabilities''. Here the release is from ''all claims and demands''. In neither case does the release purport to run to any property of the parties. To hold that the release includes claims against the property of either would be to extend the release beyond the express terms thereof, and this is something which the courts have invariably refused to do. Therefore, it is our opinion that the present action is controlled by our prior decision in the *Estate of Jones, supra*. It was there held that the release in that case did not amount to a waiver or release by either of the parties thereto of the right to succeed to all or any portion of the other's estate. It follows, therefore, in the present action that the contestant and appellant, Margaret Minier, the surviving wife of the deceased, has not released nor relinquished her right of inheritance in the property of her deceased husband. Having such an interest in said estate she was entitled to maintain a contest of his will.

It will be further observed that following the general release clause in the separation agreement between Mr. and Mrs. Minier, is a provision that in case of divorce neither party will make any claim or demand from the other for any costs, counsel fees, or alimony, or any other property claim, or demand of any kind whatsoever. That the parties should so carefully and minutely provide against either party claiming any rights from the other in case of divorce proceedings being instituted and should omit any reference to any claim either should make against the property of the

other in the case of the death of either, under the rule of *expressio unius est exclusio alterius* leads strongly to the inference that they did not intend by their agreement to relinquish or in any way affect their inheritable rights.

In *Estate of Bollinger,* 170 Cal. 380, 383 [149 Pac. 995], is to be found language supporting our conclusion stated above. There is ample authority in other jurisdictions upon the subject. In *Jardine* v. *O'Hare,* 66 Misc. Rep. 33 [122 N. Y. Supp. 463], the court said, "The agreement between the parties cannot be regarded as a waiver of any of their legal rights beyond the express terms thereof; and, while he agrees not to make any claim of any kind against her and release her from any and all claims whatsoever, there is no release of any claims or rights which the law gives him in her estate upon her death." To the same effect are *Stewart* v. *Stewart,* 7 Johns. Ch. (N. Y.) 229; *Moon* v. *Bruce,* 63 S. C. 126 [40 S. E. 1030]; *McVay's Estate,* 260 Pa. 83 [103 Atl. 505]; *Smith* v. *Smith,* 57 Ohio St. 27 [48 N. E. 28]; *Willis* v. *Jones,* 42 Md. 422.

Respondent relies upon the following cases in addition to *Estate of Davis, supra, Estate of Winslow,* 121 Cal. 92 [53 Pac. 362], *Estate of Yoell,* 164 Cal. 540 [129 Pac. 999], *Estate of Edelman,* 148 Cal. 233 [113 Am. St. Rep. 231, 82 Pac. 962], and *Estate of Boeson,* 201 Cal. 36 [255 Pac. 800]. All of these cases are readily distinguished from the instant case. In *Estate of Winslow, supra,* the question arose upon the wife's petition to have certain real property belonging to the husband at the time of his death set aside as a homestead. While the parties were living together as husband and wife the latter filed a declaration of homestead upon the said real property. Thereafter the parties entered into a separation agreement whereby they divided their property, including this homestead, between themselves, the wife conveying all her right in the homestead property to her husband. The separation agreement concluded with a statement that "henceforth the parties shall live separate and apart from each other, it being understood that this agreement is and shall operate as a complete settlement and adjustment of all their property rights and relations and affairs". This instrument was acknowledged and filed for record in the office of the county recorder in which the declaration of homestead had been recorded. The court held

that the parties by the execution and recordation of this separation agreement had abandoned the homestead upon the real property theretofore held by them as a homestead. In each of the other three cases just cited and relied upon by respondent, there was in the agreement between the husband and wife involved therein an express waiver of the right to inherit the one from the other. They are, therefore, not applicable to the facts of the present action.

In view of the decisions of this and other courts hereinbefore referred to, we are constrained to hold that Mrs. Minier did not by assenting to and becoming a party to the separation agreement with her husband waive her right as the surviving wife of her deceased husband to succeed by inheritance to the property of his estate of which he died intestate. She was, therefore, entitled under section 1327 of the Code of Civil Procedure as it stood before being superseded by section 380 of the Probate Code, to contest the will of her deceased husband.

The judgment is reversed with direction to the trial court to sustain the demurrer interposed by the appellant to the special defense set up in respondents' amended answer and to grant appellant's motion to strike out said special defense.

Preston, J., Langdon, J., Waste, C. J., Shenk, J., and Seawell, J., concurred.