## SMITH v. PENNSYLVANIA.

No. 561. Decided March 9, 1964.

*William T. Coleman, Jr.* for petitioner.

*Frank P. Lawley,* Deputy Attorney General of Pennsylvania, for respondent.

*Solicitor General Cox* filed a memorandum for the United States.

*Melvin L. Wulf* for the American Civil Liberties Union, Greater Philadelphia Branch, et al., as *amici curiae,* in support of the petition.

PER CURIAM.

Prior to commencement of petitioner's trial for assault and battery upon state police officers, he served upon the local office of the Federal Bureau of Investigation a subpoena *duces tecum* calling for the production of "[s]tatements of all witnesses, diagrams, sketches and photographs taken in connection with" the FBI's investigation of the incident which formed the basis for the criminal prosecution. The FBI had made the investigation in response to a complaint filed by petitioner with the Civil Rights Division of the Department of Justice, charging a deprivation of his civil rights by the actions of the police officers whom he allegedly assaulted. An Assistant United States Attorney appeared on the day set for trial and moved to quash the subpoena, claiming that the file contained confidential material subject to a federal priv-

ilege of nondisclosure. The subpoena was quashed by the trial court for that reason and for noncompliance with local rules of practice.

Petitioner formally requested the court, both before and after they testified, to issue a subpoena *duces tecum* for statements taken by the FBI from two witnesses for the prosecution, stating that the statements were needed for purposes of impeachment. The trial court denied the requests because it felt that petitioner would receive the same information from material which the state authorities had promised to make available. Following petitioner's conviction, the trial court denied his motion for a new trial which was based in part on the failure to issue the requested subpoena, stating that the Federal Government had already indicated that it would not honor such a subpoena. The judgment of conviction was affirmed by the Pennsylvania Supreme Court (412 Pa. 1, 192 A. 2d 671), the court stating, *inter alia,* that the FBI, not the Commonwealth, had denied petitioner access to the information in question.

In response to an inquiry from this Court, the Solicitor General has indicated that the claim of confidential privilege was concerned solely with the initial broad-based demand for virtually the entire FBI file on the matter and that the Department of Justice was not informed of, and did not refuse to comply with, the subsequent specific requests for statements given by the two witnesses.

We grant the petition for a writ of certiorari and remand the case to the Supreme Court of Pennsylvania, for reconsideration of petitioner's requests in light of the representations of the Solicitor General.