## Commonwealth ex rel. Ziccardi v. Hendricks

*Theodore Voorhees*, for petitioner.
*Richard A. Sprague*, for respondent.

GRIFFITHS, J., May 8, 1964.—The matter of which this is an adjunct proceeding came before us on a writ of habeas corpus brought by one Isaac W. R. Burno, in Common Pleas Court No. 3, March term, 1964, no. 860.

During the hearing on defendant Burno's writ, the Commonwealth sought to prove that at Mr. Burno's original trial before the Hon. Vincent A. Carroll, defendant Burno refused the voluntary defender as counsel. For this purpose, the Commonwealth subpoenaed and called the voluntary defender to produce his file in the case and to testify regarding the circumstances surrounding such alleged refusal of counsel by defendant Burno.

Vincent J. Ziccardi, Esq., responded to the subpoena in behalf of the voluntary defender and informed the court he was fully authorized to speak and act for the voluntary defender. He then asserted and claimed a confidential relationship of attorney and client between defendant Burno and the voluntary defender,

which, he said, precluded his testifying. The Commonwealth then moved that the court direct Mr. Ziccardi to answer such question, which the court, after hearing arguments pro and con, did. Mr. Ziccardi persisted in his refusal. A motion was made to hold him in contempt, which motion was granted. Other counsel, representing Mr. Ziccardi, then stepped to the bar of the court and requested bail be fixed pending a writ of habeas corpus in behalf of Mr. Ziccardi. This the court did. Such writ was filed the following day and heard the day thereafter.

At such hearing on Mr. Ziccardi's writ, defendant Burno was present, as he had been at the time of the hearing on his own writ of habeas corpus. Preliminarily, the court inquired at that time of defendant Burno whether he, himself, wanted to claim the attorney-client confidential relationship relative to what had occurred between him and the voluntary defender regarding the voluntary defender's representation of him at his original trial. For the purpose of defendant Burno adequately considering such matter, the court requested Albert Ominsky, Esq., who was present in the courtroom on another case at the time, to confer with defendant Burno. After such conference, the court was informed that defendant Burno did, in fact, want to claim such confidential relationship and that, therefore, he asserted, any communications between the voluntary defender and him regarding their relationship was privileged and not properly admissible in evidence.

### Preliminary Motion

At the commencement of the hearing on Mr. Ziccardi's writ, the court was presented by the Commonwealth with a motion to dismiss Mr. Ziccardi's petition for a writ of habeas corpus. The basis of the motion is that where a witness is held in contempt for refusal to answer questions the exclusive method of review is by proceedings in the appellate court and that a

writ of habeas corpus, filed in a court of coordinate jurisdiction, does not lie. The Commonwealth cited Doyle v. Commonwealth, 107 Pa. 20 (1884).

While counsel for both parties have cited no cases to us, other than the Doyle case cited by the district attorney, we have discovered one case where the Supreme Court took original jurisdiction in a habeas corpus proceeding where there had been a prior attachment for contempt in a lower court: Commonwealth ex rel. DiGiacomo v. Heston, 292 Pa. 63 (1928). There, at page 66, the Supreme Court said:

"The attack on the legality of the commitment may be made by writ of habeas corpus, as here, instead of by appeal. The former procedure is not to be made a substitute for the latter (Com. v. Reifsteck, 271 Pa. 441), but the appellate court may exercise original jurisdiction and grant relief where lack of power to make the order, or sentence complained of, appears (Halderman's Petition, 276 Pa. 1; Com. v. Curry, 285 Pa. 289; Com. v. Francies, 250 Pa. 350), but not otherwise: Williamson's Case, 26 Pa. 9. And, in passing upon the application, the record alone will be considered: Com. v. Superintendent, 220 Pa. 401. The best practice, and the one usually followed, is to appeal from the judgment entered (Com. v. Cooper, 277 Pa. 554), but the question raised may be considered in appropriate cases either in that manner or on writ of habeas corpus, and both methods have been resorted to in attacking the same decree: Com. v. Perkins, supra, [124 Pa. 36]."

In view of the language above quoted, we believe the present petition for writ of habeas corpus lies, although it definitely is not the preferred procedure. Parenthetically, all the contempt cases which we have examined, except the DiGiacomo case, have come before the appellate court on an appeal from the decision of the court which held the party in contempt. Cf.

Commonwealth ex rel. McClintock v. Kelly, 307 Pa. 525, 527 (1932); Milk Control Commission v. McAllister Dairy Farms, 384 Pa. 459 (1956); Knaus v. Knaus, 387 Pa. 370 (1956); Scranton City v. Peoples Coal Co., 274 Pa. 63, 77 (1957); Cox v. Cox, 391 Pa. 472 (1958); and Casco Prod. Co. v. Hess Bros., 184 Pa. Superior Ct. 47 (1957).

### The Question here at Issue

Proceeding now to the primary question before us, we have to consider whether Mr. Ziccardi should have been held in contempt of court for failure to answer questions put to him as to whether defendant Burno refused the voluntary defender as counsel for him in his original trial. Defendant Burno himself has claimed the confidential relationship, but it is not for him to declare whether such actually exists as to preclude the testimony, but rather for the court, and the fact the court inquired of him relative to the same in no way concludes the matter. Such inquiry was made to determine whether, in fact, defendant Burno waived this privilege, for if he did, counsel, in this case the voluntary defender, could not then raise the question of such privilege. This is expressly so provided in the governing statute, as follows:

"Nor shall counsel be competent or permitted to testify *to confidential communications* made to him by his client or the client be compelled to disclose the same, *unless in either case this privilege be waived upon the trial by the client"*: May 23, 1887, P. L. 158, sec. 5, 28 PS §321. (Italics supplied.)

See also Thomas v. Herring, 244 Pa. 550, 556 (1914); Alexander v. Queen, 253 Pa. 195, 200 (1916); McVay's Estate, 260 Pa. 83, 87 (1918); Nadler v. Warner Company, 321 Pa. 139, 142 (1936); and Associates Discount Corp. v. Greisinger, 103 F. Supp. 705 (1952).

### The Limited Inquiry Involved.

It must be borne in mind that the question sought to be disclosed from the voluntary defender's files *is whether defendant Burno refused counsel.* It is a limited, narrow question. The voluntary defender is not being asked to give carte blanche to examine his whole file. Mr. Bogdanoff, assistant district attorney trying the case, expressly so stated at page 19 of the notes of testimony of Burno.

"Here it is the refusal to represent, the question of refusal to represent by the defendant, upon the services of the Defender Association."

Again, at page 21 of the notes of testimony of Burno, the same question is clearly enunciated by the following colloquy:

"The Court: He indicated to you according to your records relative to representation by counsel, no other information relative to guilt or anything else. We are not interested in that. But on the issue of what he indicated to you, if anything, of course, relative to representation by counsel at the trial, that you are required to disclose that if you have such information.

"Mr. Ziccardi: Your Honor, I have been instructed by my office not to divulge this information, so I would again respectfully—"

And once again, at page 29 of the notes of testimony of Ziccardi, Mr. Sprague, assistant district attorney, said:

"We are trying to prove whether or not this defendant refused the services of the Voluntary Defender. That, and that alone."

Counsel for Mr. Ziccardi contends that disclosure of facts relative to this limited issue delves into the privacy of the attorney-client relationship, and counsel cites many cases holding that such cannot be the subject of inquiry in a court. We have no doubt as to the validity of the cases cited. In arriving at a proper con-

clusion in the case now before us we must, however, clearly bear in mind the privilege which is immune from inquiry as stated in the applicable statute, namely, "to confidential communications made to him (the attorney) by his client."

In innumerable cases it has been held there are certain situations to which the privilege does not apply: (1) To testimony as to the client's mental condition (Daniel v. Daniel, 39 Pa. 191, 211 (1861)); (2) to facts occurring in the attorney's presence between his clients (Weaver's Estate, 28 W.N.C. 95, 96 (1891); Turner v. Warren, 160 Pa. 336, 343 (1894); Doll v. Loesel, 288 Pa. 527, 533 (1927)); (3) to the fact of delivery of a document to an attorney by his client (Turner v. Turner, supra); (4) to the condition of the document when received (Beidler v. Miller, 1 Wood 222 (1854); Turner v. Turner, supra); (5) to declarations made by the client to third persons (Swayne v. Swayne, 19 Pa. Superior Ct. 160, 164 (1902)).

Commonwealth ex rel. Mayberry v. Russell, Superintendent, 203 Pa. Superior Ct. 706, and cited by the Commonwealth, is a case where the client attacked by testimony the nature of the representation by the attorney and, therefore, waived the privilege. Such is clearly disclosed from the paper books in the case, there being no opinion other than an extemporaneous one delivered by the lower court from the bench at the time of the original hearing.

In addition to the exceptions enumerated above, there is another directly applicable to the case at bar. That is, that disclosure may be required of *the fact* and character of the attorney's employment by the client: Beeson v. Beeson, 9 Pa. 279, 301 (1848); Seip's Estate, 163 Pa. 423, 431 (1894); Sargent v. Johns, 206 Pa. 386, 393 (1903). Counsel for Mr. Ziccardi emphasizes that there are many cases to the effect that the privilege does apply to communications made in good faith with a view to employing the attorney in the matter to which

the communications relate even though no employment ensues. With this we cannot disagree. Such are, indeed, *confidential communications*, made between the attorney and prospective client. *The fact* of attorney-client relationship is, however, very much another question and is not shrouded in confidence. This is the holding of Beeson, Seip and Sargent, and such is entirely different than counsel's argument here. As was stated in Alexander v. Queen, supra:

"The one question in all such cases is, was the employment of the counsel so connected with the latter's professional character as to afford the presumption that this formed the ground of the confidence reposed": page 201.

Furthermore, defendant Burno asserts in his petition for a writ of habeas corpus that he was not represented by counsel, and then he would close the door to the question whether he refused counsel or not. In a court of law, he who opens a door for his own passage cannot close it to another.

Whether information relative to such refusal could be gleaned from other witnesses or the notes of testimony in the original trial, does not preclude inquiry from the voluntary defender's files. Thus, in Smith v. Pennsylvania, 376 U. S. 354, 84 S. Ct. 763 (1964), decided by the Supreme Court of the United States on March 9, 1964, a subpoena for further inquiry was allowed, although "The trial court denied the requests because it felt that petitioner would receive the same information from [other] material . . ."

Here, it is not sought to open the entire file of the voluntary defender in this case, or such as to come within the prohibition of Hickman v. Taylor, 329 U. S. 495, 511 (1947), cited by Mr. Ziccardi. It relates only to specific requests regarding the fact of employment or nonemployment, refusal of counsel or nonrefusal of counsel, and as such it comes within the encompasses of Smith v. Pennsylvania, supra, where the concern

is not with a "broad-based demand", but with "specific requests for statements given by the two witnesses." The court there held in a criminal proceeding that such request for information from an FBI file was not subject to a Federal privilege of nondisclosure.

We, likewise, believe such privilege cannot here be invoked and that the voluntary defender should answer specific questions relative to employment or refusal of counsel.

Therefore, we enter the following

### Order

The petition of Vincent J. Ziccardi for writ of habeas corpus is hereby denied, and Vincent J. Ziccardi is ordered to surrender to the Sheriff of Philadelphia County within 10 days from the date hereof, and to be committed to the Philadelphia County Prison, there to remain until such time as he purges himself of his contempt, or until further order of the court.