381 So.2d 1333 (1980)
Albert J. ROBERTS et al.
v.
Mrs. Myrtis Denton ROBERTS, Individually and as Administratrix of the Estate of William E. Roberts, Deceased.
No. 51608.
Supreme Court of Mississippi.
March 12, 1980.
Nicols, Smith & Henderson, Paul B. Henderson, Pearl, for appellants.
McLaurin & McLaurin, John C. McLaurin, Jr., Brandon, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
WALKER, Justice, for the Court:
This case involves a controversy between the widow of William E. Roberts and his brothers and sisters over the widow's right to inherit from the estate of William E. Roberts, who died intestate in Rankin County, Mississippi, on November 30, 1978.
William E. Roberts and Mrs. Myrtis Denton Roberts, administratrix of the estate of the decedent (appellee herein) were married on February 20, 1975, in Rankin County, Mississippi. No children were born to the marriage, nor did William E. Roberts leave any surviving children by a previous marriage. The deceased met his untimely death in an automobile accident in the early morning hours of November 30, 1978, leaving as his sole surviving heir-at-law, his widow, Mrs. Myrtis Denton Roberts. On December 27, 1978, the Chancery Court of Rankin County issued letters of administration to Mrs. Roberts upon her petition and order of the Chancery Court authorizing letters of administration.
*1334 Subsequent thereto, the brothers and sisters of the decedent, appellants, filed their petition asking the Chancery Court to adjudicate and determine rights of inheritance to the estate of the deceased. The petition alleged that, notwithstanding the fact that the decedent left a surviving spouse, the petitioners should be considered the sole and only heirs-at-law of the decedent. This contention is based upon the facts (agreed stipulation of facts by the parties) that the appellee and the decedent separated on or about November 6, 1978; that no reconciliation ever occurred between them; that they executed and entered into a property settlement agreement on November 21, 1978, and filed a joint bill for divorce on November 28, 1978, less than forty-eight hours before the death of Mr. Roberts. The parties were never divorced. The contention of the appellants in the trial court was that the appellee was barred from inheriting anything from the deceased because of the language contained in the separation and property settlement agreement which the parties executed, a copy of which is attached hereto as Appendix "A." That agreement, inter alia, divided, with particularity, all of the property, real and personal, owned by the parties, each getting approximately one-half.
In the chancellor's written opinion, he held that the execution of the property settlement agreement by the parties did not bar the appellee from inheriting from the decedent's estate and entered a final decree adjudicating the widow, Mrs. Myrtis Denton Roberts, as the sole and only heir-at-law of William E. Roberts, thereby denying the claim of the deceased's brothers and sisters of the estate.

I.
The lower court was of the opinion that the property settlement agreement was made in contemplation of an "irreconcilable difference" divorce, and that the same would not be enforceable as against the widow until and upon the entry of a final decree of divorce. We are of the opinion this was error, because the separation and property agreement specifically provided, inter alia, that:
This agreement is not entered into for the purpose of procuring a divorce between the parties and is not contingent upon either party procuring a divorce from the other.

II.
In support of their contention that the widow contracted away her right to inherit, the appellants (brothers and sisters of the deceased) cite language in the second paragraph of the preamble to the Roberts' agreement which states:
WHEREAS, irreconcilable difference having arisen between them, and they are now living separate and apart and now desire to make a mutually acceptable settlement of their respective rights, liabilities, obligations and property rights arising out of and during the course of their marital relationship; . .. (Emphasis added).
The appellants urge this Court to adopt the reasoning that the widow's status as an heir "arises out of" the marital relationship by virtue of Mississippi Code Annotated section 91-1-7 (1972), and that she is precluded from asserting her status as an heir of the deceased husband to claim the property allotted to him under the property settlement agreement.
As authority, the appellants cite In re Lee's Estate, 6 Misc.2d 799, 161 N.Y.S.2d 962 (1957), wherein the agreement before the court provided that the parties released any rights they might have "arising out of their marriage relationship." The court held in that case that the use of such language effectively barred any right of inheritance which the wife had prior to execution of the agreement. That case is persuasive of appellants' contention when considered in the light of other language used in the Roberts' agreement. We doubt, however, that such language, standing alone, would be decisive of the issue.
But, considering the language of the preamble (heretofore quoted) to the Roberts' agreement, with the language found in *1335 Paragraph eight which states: "This agreement shall be binding not only upon the Husband and Wife, but also upon their heirs, successors and assigns", and together with the provision in Paragraph twelve that "This agreement ... is not contingent upon either party procuring a divorce from the other", the instrument clearly manifests the parties intention that the property settlement was to be final and binding, not only while they lived, but, also, in the event of the death of one of the parties whether a divorce was obtained or not. Mrs. Roberts received her share of approximately one-half of the couple's property under the agreement, and she is now precluded by that same agreement from claiming the other one-half as the sole heir of the deceased.
The rules applicable to the construction of written contracts in general are to be applied in construing a postnuptial agreement. Such a contract must be considered as a whole, and from such examination the intent of the parties must be gathered. Such construction should be given the agreement, if possible, as will render all its clauses harmonious, so as to carry into effect the actual purpose and intent of the parties as derived therefrom.
As to postnuptial agreements, this Court in Kirby v. Kent, 172 Miss. 457, 160 So. 569 (1935), said:
The rule is, as to a postnuptial agreement, that only such rights in the estate of the deceased spouse are barred as are expressly enumerated or reasonably inferable from the language employed therein. Clark v. Castner et al., 242 Mich. 608, 219 N.W. 675; 18 C.J. 857. In construing such agreements the purpose must be clear to exclude the surviving spouse from having his or her rights of inheritance in the deceased spouse; and they will be so construed only so far as the agreement clearly requires. (172 Miss. at 466-67, 160 So. at 572).
We have carefully considered the separation and property settlement agreement entered into between the Roberts and are of the opinion that the provisions of that agreement, which we have discussed above, clearly manifests to us the parties intention to waive each other's right to inherit from the other, if either should die prior to a divorce being obtained. Consequently, Mrs. Myrtis Denton Roberts is precluded by that agreement from inheriting the estate of the deceased, William E. Roberts.
The decree of the chancery court is therefore reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.

APPENDIX A

SEPARATION AND PROPERTY SETTLEMENT AGREEMENT
WHEREAS, William E. Roberts, hereinafter referred to as "Husband", and Myrtis Denton Roberts, hereinafter referred to as "Wife", are now Husband and Wife; and,
WHEREAS, irreconcilable differences have arisen between them, and they are now living separate and apart and now desire to make a mutually acceptable settlement of their respective rights, liabilities, obligations and property rights arising out of and during the course of their marital relationship;
NOW, THEREFORE, FOR AND IN CONSIDERATION of the mutual benefits and advantages accruing to each, the undersigned Husband and Wife do hereby solemnly covenant, agree and contract as follows:
1. The Husband shall convey to the Wife and does hereby convey to her all his right, title and interest in the household goods and furnishings accumulated by the Wife prior to the marriage of the parties.
2. The Wife shall have and the Husband shall transfer to the Wife all his right, title *1336 and interest in the 1970 Ford Torino automobile of the parties.
3. The Husband shall have and the Wife shall transfer to the Husband all her right, title and interest in the 1969 GMC one-ton truck, 1965 Ford F-100 and 1970 Ford F-100 pickup trucks of the parties.
4. The Husband and Wife shall divide equally the balance on hand in the savings account at Unifirst Federal Savings and Loan Association.
5. The parties acknowledge that the Husband owned a parcel of land and homestead of approximately eight acres in the NW 1/4 of NE 1/4 of Section 19, Township 4 North, Range 4 East, Rankin County, Mississippi, all as more specifically described in the deed of trust of record in Deed of Trust Book 266 at page 688 of the land records in the office of the Chancery Clerk of Rankin County at Brandon, Mississippi, prior to the marriage between the parties together with a mobile home situated thereon. Since the marriage between the parties, the parties have built on the Husband's said property a grocery store and other improvements including furnishings and fixtures and merchandise there situated. The Wife has made contributions from her personal funds to the improvement of the said property and the purchase of the aforedescribed assets located on the aforedescribed property, including money which the Wife had before the marriage between the parties. The Wife waives and disclaims any interest in the said homestead and property, real and personal, of any kind or character, in favor of the Husband; and, the Wife shall sign such quitclaim deeds, bills of sale, or other documents as shall be necessary and appropriate to vest full and complete title in the Husband in the aforedescribed real and personal property free and clear of any claims or interest of the Wife.
6. The Husband and Wife have established, developed and operated a business enterprise known as the "Raleigh Cool Dip" situated in Raleigh, Smith County, Mississippi. For the purpose of such enterprise they have purchased a parcel of property containing two acres more or less according to the deed thereon duly recorded in Deed Book 218 at page 491 of the records of the Chancery Clerk of Smith County at Raleigh, Mississippi, reference to which is made in aid of and as a part hereof. The Husband shall disclaim all right, title and interest in the said business, its furniture, fixtures and assets as well as to the realty and improvements. The Husband shall sign appropriate bills of sale and quitclaim deeds as are necessary to vest in the Wife full title thereto. The Wife does hereby assume and agree to pay all outstanding deeds of trust, notes, debts and obligations on the said business and real property and the Wife shall indemnify, save and hold harmless the Husband from any loss, cost or expense in connection therewith including attorney's fees, court costs and expenses of litigation in the event that the Wife does not pay and honor such debts and obligations as and when due.
7. Husband shall pay attorney's fees and court costs incident to a divorce between the parties on a joint bill on the grounds of irreconcilable differences.
8. This agreement shall be binding not only upon the Husband and Wife, but also upon their heirs, successors and assigns.
9. This agreement constitutes the entire agreement between the parties, and each party acknowledges that there are no other or further agreements not expressly included herein, and that this agreement may be modified, altered or amended only in writing duly signed and notarized by each in the form of this original.
10. Each party represents and acknowledges that he or she has fully read this agreement and carefully considered same and has consulted with counsel concerning it and has signed and executed same only after consultation with and upon advice of counsel.
11. Each party agrees that he or she will sign and execute any further or additional deeds, bills of sale, releases or other legal documents as may be necessary to put into effect the intent and purpose hereof.
*1337 12. This agreement is not entered into for the purpose of procuring a divorce between the parties and is not contingent upon either party procuring a divorce from the other. In the event, however, that either party shall apply for or be granted a divorce from the other, then so much or such parts of this agreement as may be appropriate to judicial sanction may be included in any divorce decree granted between the parties; and, further, this agreement shall estop and preclude either party from making other or further demands and claims upon the other not included herein except that such legal action may be taken by either party as is necessary to enforce the terms and provisions hereof, or for modification as by law provided. In the event of a divorce between the parties hereto based upon this agreement, all obligations due hereunder shall be due notwithstanding any delinquency or failure of performance at the time of such decree and not dealt with or embraced in said decree. The parties hereby expressly waive any legal rights they may have to use such a divorce decree to claim a waiver of or exoneration from failures of performance between the time of this agreement and the time of any decree of divorce based on this agreement.
IN WITNESS WHEREOF, Husband and Wife have this day duly affixed their signatures upon duplicate originals, this the 21st day of November, 1978.

*1338