HAWKINS, Justice,
for the Court:
This case is an interlocutory appeal in a land partition suit from the Chancery Court of Hancock County decreeing that a former property settlement contained in a divorce decree terminated the joint tenancy in realty owned by Mrs. Karen Lee Blue and her then-husband Ronald D. Blue. Finding the chancellor correct, we remand for further proceedings consistent with the chancellor’s and our own ruling.
FACTS
On February 20, 1978, real property in Hancock County was conveyed by warranty deed to Ronald Dale Blue and wife Karen Lee Blue, “as an estate in the entirety with right of survivorship and not as tenants in common.”
On November 3, 1978, an agreed decree was rendered by the Chancery ■ Court of Hancock County awarding Mrs. Blue a divorce decree from Mr. Blue. This decree recites the following:
*1384 5. That the parties have agreed to a property settlement which provides as follows:
(A) That the defendant shall have possession of the house of the parties in Pearlington, Hancock County, Mississippi, for a period of six months from date. Defendant will be required to maintain and keep current the insurance and taxes on subject property. At the end of the six-month period the parties agreed to sell said property at an agreed price with the net proceeds to be divided equally, failing in which, a partition suit will be filed requesting the court to order a sale to the highest and best bidder.
Mr. Blue died intestate on January 13, 1979, and his heirs-in-law instituted this suit to partition the realty.
In the meantime, Mrs. Blue had executed a warranty deed to Lawrence G. and Gladys J. Andrews, and this couple were likewise made party defendants to the partition suit.
While it might have been better expressed, it is clear Mr. and Mrs. Blue by their property settlement agreement, solemnized in the divorce decree, intended that their property, following the divorce, would be owned by them as tenants in common, with each owning an undivided one-half interest, subject only to Mrs. Blue’s right of possession for six months. This decree terminated not only their marriage but their tenancy by the entirety, and any joint tenancy as well. For facts with a slightly different twist, but holdings consistent with the holding we now make, see: Wray v. Langston, 380 So.2d 1262 (Miss.1980); Roberts v. Roberts, et al., 381 So.2d 1333 (Miss.1980).
INTERLOCUTORY APPEAL AFFIRMED, CASE REMANDED TO THE CHANCERY COURT OF HANCOCK COUNTY FOR FURTHER PROCEEDINGS.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.