[Sac. No. 3.    Department Two.—September 5, 1895.]

IN THE MATTER OF THE ESTATE OF H. A. LONES,
DECEASED. JOHN H. LONES ET AL., RESPONDENTS,
v. WILLIAM B. LONES ET AL., APPELLANTS.

WILLS—REVOCATION—WRITING.—Under section 1297 of the Civil Code, the
mere execution of a subsequent revocatory will ends the first will, and
such first will is not revived by the revocation of the last will unless it
is revived by the terms of such revocation; and where a will expressly
revoking a former will is, in terms, revoked by a third will, the revoca-
tion or cancellation of the last will cannot revive the first will without
a writing expressly reviving it under the first subdivision of section 1292
of the Civil Code.

APPEAL from an order of the Superior Court of Nevada
County refusing a new trial.    JOHN CALDWELL, Judge.

The facts are stated in the opinion of the court.

*Frank T. Nilon*, for Appellants.

Section 1297 of the Civil Code should be construed
as in harmony with the common law, and making the
question of the reviving of the former will one of inten-
tion purely, according to the facts or circumstances.
(Schouler on Wills, 413; 1 Jarman on Wills, 127, note;
*Graham* v. *Burch*, 28 Am. St. Rep. 354, 356, note; *Pickens*
v. *Davis*, 134 Mass. 252; 45 Am. Rep. 322; *Williams* v.
*Williams*, 142 Mass. 515.)    The old will being in exist-
ence and carefully preserved by the testator after the
destruction of the latter will, there could be but little
doubt that it was his intention to revive the former will.
(Redfield on Wills, 308; *McClure* v. *McClure*, 86 Tenn.
173.)

*Thomas S. Ford*, and *Smith & Riley*, for Respondents.

Intention to revive a former will upon the revocation
of a second will must be declared at the time as part
and parcel of the revocation of the second will.    (Civ.
Code, sec. 1297; 4 Kent's Commentaries, 9th ed., sec.
68, p. 628 [*553].)    The revival of the will must be in
writing.    (Civ. Code, sec. 1297; *Estate of Simpson*, 56

How. Pr. 125.)   Under the common law, when a will revokes a prior will, the destruction of the second will does not revive the first will.   (*Scott* v. *Fink*, 45 Mich. 241; *Hawes* v. *Nicholas*, 72 Tex. 481; 3 Washburn on Real Property, sec. 40, p. 540.   See authorities cited in *Pickens* v. *Davis*, 134 Mass. 252; 45 Am. Rep. 322.)

TEMPLE, J.—This is a contest of a will in which the contestants recovered a judgment.   The appeal is from an order refusing a new trial.

The deceased made a will in 1856, and another in 1884, which in terms revoked the will of 1856, and another in 1885 which in terms revoked all former wills. He died in 1893, and the will of 1856 was duly admitted to probate, but within the year the plaintiffs, who are heirs of the decedent, inaugurated this contest.

The fact of the execution of the subsequent wills, and that they in terms revoked former wills, was established beyond question.   The defendant William B. Lones, however, who was executor and the sole beneficiary of the will of 1856, contends that in the cancellation of the will of 1885 the testator revived the will of 1856.

The court found against this contention, and the statement does not contain an iota of testimony tending even in a remote degree to prove that at the time of the revocation of cancellation of the will of 1885 the testator intended to revive any former will.   The testimony does not show when or how that will was canceled, and, of course, there could be no evidence tending to prove that "by the terms of such revocation" the former will was revived.

But by no act or manifestation of intent, in writing or otherwise, not executed with the formalities with which a will should be executed, would the will of 1856 have been revived upon the cancellation of the will of 1885.   The will of 1885 did not revoke the will of 1856, but that of 1884, and only the will of 1884 could have been revived by the revocation of the will of 1885.

That the revocation of a revocatory will revives the

will revoked by the last will is upon one of two grounds: Either that the revocation, being itself revoked, leaves the will which had been annulled by the revocation then unrevoked, or that a will is ambulatory and has no operation until the death of the testator and its probate; and if the revocatory will is itself revoked, and therefore cannot be probated, it never had any operation, and therefore the first never was revoked. Whichever view is taken, the revocation of the will of 1885 could not have revived a will which had not been revoked by its execution.

But all such speculations are ended by section 1297 of the Civil Code. The mere execution of a subsequent revocatory will ends the first will, and such will is not revived by the revocation of the last will unless it is revived by the terms of such revocation. What sort of a revocation it must be which can by its terms revive a prior will is shown by the first subdivision of section 1292 of the Civil Code.

The order is affirmed.

McFARLAND, J., and HENSHAW, J., concurred.