[Civ. No. 4104.  First Appellate District, Division Two.—March 25, 1922.]

In the Matter of the Estate of GEORGE H. HAMALIAN, Deceased. NEVRIK HAMALIAN, Appellant, v. ED. S. BABIGIAN, Administrator, Respondent.

[1] HUSBAND AND WIFE — PROPERTY SETTLEMENT — APPLICATION FOR FAMILY ALLOWANCE — EVIDENCE — PRIMA FACIE CASE OF UNDUE INFLUENCE.—The dismissal of a contested application for a family allowance on motion of the administrator after the petitioner had rested was erroneous, where it had been proven without contradiction that the deceased and the petitioner were husband and wife

on a certain date, and that on that date a purported contract was made between them settling their property rights under and by virtue of which the deceased transferred to the wife his undivided one-half interest in certain property of the value of six thousand dollars and at the same time the wife transferred to the deceased her interest in properties of the value of over forty-one thousand dollars.

APPEAL from an order of the Superior Court of Fresno County dismissing an application for a family allowance. H. Z. Austin, Judge. Reversed.

The facts are stated in the opinion of the court.

George Cosgrave for Appellant.

Ohannesian & Ohannesian for Respondent.

STURTEVANT, J.—This is an appeal from an order dismissing the petitioner's application for a family allowance. The petitioner and the decedent were married in February, 1913; their relations were not amicable and from time to time they lived separate and apart. The last separation occurred May 8, 1919, and on the 26th of May a purported settlement was made between the petitioner and the decedent of and concerning their property rights. Shortly after that purported settlement the husband died, July 3, 1919. Administration on his estate was commenced and thereafter the administrator filed in the probate court an inventory and appraisement which showed an estate of an apparent valuation of $41,974.88. When that inventory had been filed the petitioner applied for a family allowance. In her petition she set forth the making of the purported property settlement but alleged that the same was obtained by and through the false representations made to her by the decedent and was obtained by and through his coercion. A hearing of said petition was had in the trial court and the petitioner called to the stand seven witnesses and also introduced certain documentary evidence. When the petitioner had rested the respondent administrator moved that the application be denied. As shown by the record both court and counsel looked upon the motion as a motion to dismiss, and as such the trial court ruled on it. On her appeal the appellant claims that she had made a *prima facie*

showing as to false representations and coercion. As to false representations there is some evidence in the record that the decedent stated that he was worth six thousand dollars, whereas, in truth and in fact, he was worth forty thousand dollars, or thereabouts. There is neither allegation nor proof that the appellant relied or acted upon any representation made by the decedent. As resting upon coercion the showing contained in the record is that at the time the decedent called on the appellant for the purpose of negotiating the property settlement that he talked in a loud tone of voice,—"He hollered." If the relation of husband and wife, a highly fiduciary relation, was not shown by the record, it must be conceded that the record was so weak as not to support any other ruling than as made by the trial court. [1] But, disregarding the alleged false representations and coercion, the record as made showed another set of facts which, taken alone, made out a *prima facie* case in favor of the petitioner at the time she ceased the introduction of evidence. At that time it had been proved without contradiction that the appellant and the deceased were husband and wife on the twenty-sixth day of May, 1919; that on that date a purported contract was made between them under and by virtue of which the deceased transferred to the wife his undivided one-half interest in certain real and personal property of the value of six thousand dollars and that at the same time the appellant transferred to the decedent her interest in properties of the value of over forty-one thousand dollars. On the face of the transaction the husband obtained an advantage. The properties the appellant had transferred her interest in may have been heavily mortgaged and the interests of both parties may have been nominal. Again, although the appellant executed a deed, in form a grant, bargain, and sale deed, the fact may transpire that she had no interest whatever to convey, and therefore she was not wronged. In the face of a motion for a dismissal, when the motion is made at the end of the plaintiff's case, the evidence must be taken most strongly in favor of the plaintiff or petitioner, and, as so construed, the petitioner had made a *prima facie* showing under the rule stated in section 2235 of the Civil Code. (*McKay* v. *McKay*, 184 Cal. 742 [195 Pac. 385].)

During the argument, a question arose as to the jurisdiction of the probate court to consider the equitable attack made by the petitioner. The point was not discussed in the briefs. The point has been definitely decided in this state and the question, above mentioned, is without merit. (*Estate of Yoel,* 164 Cal. 540, 554 [129 Pac. 999]; *In the Matter of the Estate of Cover,* 188 Cal. 133 [204 Pac. 583].)

It was error, therefore, to dismiss the appellant's petition, and the order should be, and the same is, reversed.

Langdon, P. J., and Nourse, J., concurred.