[L. A. No. 9967. In Bank.—July 5, 1929.]

CLARA WEINSTEIN et al., Respondents, v. ALBERT A. MOERS, Individually and as Executor, etc., Appellant.

Roger Marchetti and Dix W. Noel for Appellant.

John A. Powell and O'Melveny, Millikin & Tuller, for Respondents.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff, Clara Weinstein, in an action to establish and enforce a trust.

Prior to August 13, 1924, the defendant, Albert A. Moers, and Theresa W. Moers, husband and wife, conducted an art and antique store on West Seventh Street in the city of Los Angeles under the name of "Moers, Inc." During the existence of the marriage relation and on or about August 4, 1921, they executed mutually reciprocal wills, pursuant to agreement, by which each devised and bequeathed to the other all of the property belonging to them at the time of their respective deaths. Domestic difficulties arose and in August, 1922, the wife commenced an action

for divorce against the husband, which action was subsequently dismissed. On May 23, 1924, the husband instituted an action for divorce against the wife and the cause was set down to be heard on August 7, 1924. Immediately prior to the hearing of the cause the parties thereto executed an agreement of property settlement by the terms of which all rights of the parties as to their separate and community properties were provided for and settled. Among other things, it was provided therein that merchandise and personal property in the store to the value of five thousand dollars were to be delivered to the husband, together with fourteen thousand five hundred dollars in cash. It was further agreed "that any and all property, whether real, personal or mixed, standing in the name of either party, shall be and it is hereby specified as the separate property of the party in whose name said property stands and each party hereto waives any right, title, claim or interest in or to any property now standing in the name of the other, or which may be hereafter acquired by the other." It was further agreed "that said payment and agreement is hereby accepted by the parties hereto in full settlement of any property rights now, or which may hereafter accrue in favor of either of the parties hereto out of said marriage relation, with the right to inherit, whether said claim is based upon the community rights now existing or which may hereafter be created. After the execution of the property settlement agreement and on the same day an interlocutory decree of divorce was granted to the husband. Thereafter an escrow was opened in a local bank for the purpose of carrying out certain of the terms of the agreement. The wife thereupon paid into the escrow the sum of fourteen thousand five hundred dollars for the benefit of the husband. On August 13, 1924, just a week before the date set for the closing of the escrow, Theresa W. Moers died as the result of a gunshot wound inflicted upon her the night before. (See *People* v. *Selby*, 198 Cal. 426 [245 Pac. 426].)

After the institution of the divorce proceedings and prior to the execution of the property settlement agreement the husband revoked the will made by him in favor of his wife. After the death of the wife the reciprocal will made by her in favor of her husband was found among her effects. The surviving husband filed this will for probate. It was ad-

mitted to probate and he was appointed executor thereof. The original and the supplemental inventory and appraisement filed April 18 and October 21, 1925, respectively, showed the value of the decedent's estate to be in excess of one hundred thousand dollars. This action was commenced on March 30, 1925.

The plaintiff, Clara Weinstein, is the wife of her coplaintiff and is the surviving mother and sole heir at law of Theresa W. Moers, deceased. The defendant is sued in his individual capacity and as executor of the will of his deceased wife. It is alleged in the complaint and found by the court to be true that it was understood and agreed by each of the parties to the property settlement agreement that by the settlement consummated therein "the rights given and acquired by each person thereunder should constitute all of the rights of any kind which either person shall ever have or acquire in or to the separate property of the other or in the community property of said marriage, either by virtue of the marriage relation then existing between them, or by inheritance, the one from the other, or as a legatee or devisee under any will theretofore executed by either of said persons; that said Theresa W. Moers refused to sign and execute said agreement except upon the condition and understanding that it should terminate and destroy any and every right or claim which her then husband, Albert A. Moers, might then have or might thereafter assert by virtue of the marriage relation existing between them, or as an heir of said Theresa W. Moers or under the terms of the will theretofore executed by said Theresa W. Moers; that said Theresa W. Moers believed and understood that it was not necessary for her to revoke her then existing will in order that said Albert A. Moers should not, in the event of her death, receive any of her property through or under the terms of said will; that in addition said Theresa W. Moers was induced to and did refrain from revoking her said will by representations made by said Albert A. Moers that he did not and would not thereafter claim any right or interest in or to any of said property except such property as was by the express terms of said agreement set over and apart to him; that the condition and understanding upon which said agreement was executed by said Theresa W. Moers was well and fully known by defendant Albert A. Moers and was assented and agreed to

by him, and that he executed said agreement on his part with full knowledge thereof; that the life of said Theresa W. Moers was taken by one Norman Selby within a few days after the execution of the said agreement and before the will hereinbefore referred to as executed by her was legally revoked by her; that defendant Albert A. Moers has propounded said will for probate and claims to be the sole heir of all of the property owned by said Theresa W. Moers at the time of her death and entitled to receive distribution thereof under the terms of said will; that said claim is in violation of the terms of said agreement in this paragraph set forth, and of the understanding and agreement of the parties thereto, and its assertion constitutes a fraud upon the plaintiffs as heirs at law of said Theresa W. Moers; that any legal title acquired by said defendant Albert A. Moers under the last will and testament of said Theresa W. Moers is held by him in trust for these plaintiffs.'' The court concluded that the plaintiff, Clara Weinstein, is entitled to all of the property belonging to the decedent at the time of her death less costs of administration of and claims against the estate and that the defendant holds all of the property received or to be received by him from the estate of the decedent as trustee for the plaintiff, Clara Weinstein. Judgment was entered accordingly.

In support of the appeal an attack is made upon the sufficiency of the evidence to support the finding above quoted to the effect that the defendant promised and agreed that he would not make any claim to any property of the decedent which he might receive under her will. It appeared in evidence in support of the finding that after the draft of the property settlement had been prepared and pending its execution, a conference was held at which the parties thereto and their respective counsel were present. During this conference the decedent desired and insisted that the agreement should be a complete and final settlement of the property rights of the parties and that neither should receive any property from the other, and that she intended, as soon as the property settlement agreement was carried out, to make a will in favor of her mother. She was assured that under the agreement neither would receive the property of the other after death, but that to make it plain a clause would be inserted in the agreement to that effect. Where-

upon the words "with the right to inherit" were interlined in the paragraph where the same appears in the above-quoted portion of the agreement and in the handwriting of counsel for the defendant. When this interlineation had been made the instrument was signed. Over the objection of the defendant evidence was offered and received as to what the parties intended by the use of the words so interlined. The defendant contended then and now insists that the words so used are plain and unambiguous, admit of no oral explanation and when read in their obvious meaning provide that the parties should not take one from the other under the laws of succession. The plaintiffs contend that what the parties meant was that neither should take the property of the other after the death of either and that the words are of sufficient uncertainty as to their meaning to admit of oral evidence in explanation thereof.

 That the parties intended that neither should receive any of the property of the other upon the death of either is satisfactorily established in support of the finding. True, the oral evidence as to what took place at the conference held on the day the agreement was signed was conflicting. But the assumption that the evidence was sufficient to support a contrary finding does not aid the defendant under well-recognized rules on appeal. We are of the opinion that when the acts and circumstances of the parties at and before the signing of the instrument and the conduct of the defendant in destroying his will are taken into consideration, the words employed in the interlineation were intended not in their technical sense but in the sense in which the court found them to be used. Aside from the oral evidence the words used and the circumstances of the parties speak eloquently in favor of the court's finding. The form of the expression interlined, taken in connection with the context, is fairly susceptible of different interpretations. When the words are given the meaning ascribed to them by the trial court, the question of the claimed inadmissibility of the oral evidence would seem to be removed from debate. Any other conclusion would tend to nullify the obvious intention of the parties under the contract. (See *Balfour* v. *Fresno Canal & Irr. Co.*, 109 Cal. 221 [41 Pac. 876].)

 It is also contended by the defendant that the evidence is insufficient to support the finding that the decedent

acted in reliance upon the defendant's promise not to take any of her property in the event of her death. It is sufficient on this point to say that it satisfactorily appears from the evidence that if the decedent had not so understood their property settlement agreement she would not have signed the same and immediately would have revoked her will. (See *De Laurencel* v. *De Boom,* 48 Cal. 581.)

Again, it is argued that the evidence is insufficient to support the finding that the promise of the defendant not to take by will was not dependent upon complete performance of the contract by the decedent. With reference to the payment of fourteen thousand five hundred dollars in cash, it appears that this amount of money was placed in the escrow to be paid to the defendant Moers upon the conclusion of the escrow on August 20th. Upon the death of Mrs. Moers on the 13th the escrow was revoked and the money was not paid to the defendant as therein provided. But the rights of the defendant to this money under the contract of settlement are in nowise prejudiced by the judgment herein. On the contrary, his right to the payment of this sum is recognized but properly not adjudged because of the necessary formality of the presentation of a claim against the estate, which is more than sufficient to satisfy all of his, the defendant's, demands under the property settlement agreement. Nor are we able to find any insuperable obstacle to the operation of the judgment herein by reason of the provision of the contract for the segregation of five thousand dollars of the merchandise of the parties. Certain it is that the contract was not terminated by the death of one of the parties and its stipulations should be deemed as covenants rather than as conditions precedent, especially when the latter would result in what the court found to be inequitable consequences in favor of the defendant. (*San Diego Construction Co.* v. *Mannix,* 175 Cal. 548 [166 Pac. 325]; *Lucy* v. *Davis,* 163 Cal. 611, 614 [126 Pac. 490].)

Since no error in the admission of evidence appears and the findings are supported by the evidence, the judgment should stand as the appropriate action of the court in an equity proceeding. Neither the statute of wills, the statute of frauds nor the requirement that express trusts be in writing are applicable. The will was operative to pass the legal title, but when the defendant gathered unto himself

the legal title he acquired it subject to the operation of the property settlement agreement and in subordination to the equities of the plaintiff, Clara Weinstein. The refusal of the defendant to abide by his contract amounted to a constructive fraud on the heir of the defendant, who would have taken the legal as well as the equitable title if the agreement had not been repudiated. Trusts of the character here involved are impressed in favor of one who would otherwise take and against the one who has refused to perform his promise, on the ground of the imputed fraud of the latter and his attempted holding of the estate against conscience. (*Smith* v. *Lombard*, 201 Cal. 518 [258 Pac. 55]; *Brazil* v. *Silva*, 181 Cal. 490 [185 Pac. 174]; *Estate of Everts*, 163 Cal. 449 [125 Pac. 1058]; *Lauricella* v. *Lauricella*, 161 Cal. 61 [118 Pac. 430]; *Kimball* v. *Tripp*, 136 Cal. 631 [69 Pac. 428]; *Prior* v. *Andrews*, 83 Cal. App. 782 [257 Pac. 560]; *Sanguinetti* v. *Rossen*, 12 Cal. App. 623 [107 Pac. 560]; *Powell* v. *Yearance*, 73 N. J. Eq. 117 [67 Atl. 892]; *Gemmel* v. *Fletcher*, 76 Kan. 577 [92 Pac. 713, 93 Pac. 339].)

The judgment is affirmed.

Richards, J., Seawell, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.