[Civ. No. 9581.   Second Appellate District, Division Two.—May 3, 1934.]

In the Matter of the Estate of HELENE D. MADDUX, Deceased.   HELENE V. BOWLER WALLING et al., Appellants, v. J. L. MADDUX et al., Respondents.

L. A. Lewis, D. K. Gault, Thornton, Menzies & Penney and G. Harold Janeway for Appellants.

J. Glenn Moore and Ralph H. Moore for Respondents.

CRAIG, J.—Appeal by contestants from an order appointing an executor nominated by testatrix in her last will and testament and from a judgment entered pursuant to trial.

■ Due execution of the will and codicil here in question was not disputed, the same were admitted to probate, and the executor named in the will was appointed so to act. It appearing that said executor and the testatrix, formerly husband and wife, had after the execution of her said will entered into a property settlement agreement, persons who had appeared to contest the probate of the will waived their contest, but contended that said executor had thereby renounced his right to appointment, and that the court was without authority to invoke the nominating provision. By said agreement it was the expressed intention of the parties thereto to forever settle and adjust all mutual and respective rights and obligations arising out of the marriage relation, to determine the respective rights of inheritance, divide all community property between the parties, in full and final settlement of any claim, one upon the other, and to absolve each from future acts of the other affecting property or property rights. The will previously executed was not mentioned therein, nor did the testatrix by her codicil dated thereafter make any change of executor. It is argued, in effect, that the severance of marital property rights and obligations constituted a renunciation of such nomination, but the executed documents do not evidence such intention, nor can it be said that any reason stated for such severance is capable of interpretation as a disqualification. (Prob. Code, sec. 401 et seq.) ■ And, further, it does not appear that objections in writing to the appointment of executor as required by section 407 of the Probate Code were filed. Hence it must be held that said nominee was appointed fully in accordance with the direction of the testatrix, and that said appointment was not error. (*In re Bauquier's Estate,* 88 Cal. 302 [26 Pac. 178, 532].)

The order and judgment are affirmed in each appeal.

Stephens, P. J., and Desmond, J., concurred.