[Civ. No. 11641. First Appellate District, Division Two.—March 6, 1941.]

In the Matter of the Estate of FRANCIS G. FORREST, Deceased. GEORGINA E. FORREST, as Executrix, etc., Respondent, v. HELEN F. BENNETT, Appellant.

Clarence M. Oddie and Duncan A. McLeod for Appellant.

Marcel E. Cerf and Robinson & Leland for Respondent.

STURTEVANT, J.—This is an appeal from an order appointing Georgina E. Forrest executrix of the will of Francis G. Forrest, deceased. The decedent and Georgina E. Forrest intermarried on June 29, 1915. They lived together until April, 1922, at which time Mrs. Forrest filed a suit for divorce. Later both an interlocutory decree of divorce and a final decree were entered in favor of Mrs. Forrest. On December 31, 1923, they remarried. They continued to live together until May, 1928, when they separated. Mrs. Forrest again filed a suit for divorce but no interlocutory decree was ever entered. The parties so lived separate and apart until 1932 when they commenced living together again. For about five years they lived together until 1937 when Mrs. Forrest filed a suit for separate maintenance. The complaint was subsequently amended to pray for a divorce and an interlocutory decree was entered on March 4, 1938. A property settlement agreement dated February 28, 1938 was executed prior to the entry of the interlocutory decree. No final decree in that action was entered. On May 29, 1939, Mr. Forrest died.

On August 6, 1921, Mr. Forrest executed an holographic will. On July 14, 1933, he executed an holographic codicil. In the will as executed August 6, 1921, the decedent inserted, "My wife, Georgina E. Forrest to serve as administratrix without bonds." After his death the decedent's wife applied to be appointed executrix. Helen F. Bennett, a sister of the decedent, appeared and filed objections to the petition filed by Mrs. Forrest and also asked to be appointed administratrix with the will annexed. After hearing the petitions and objections the trial court granted the petition of Mrs. Forrest and ordered that she be appointed executrix to serve

without bonds.   That is the order from which this appeal was taken.

The appellant Helen F. Bennett contends that the trial court erred in failing to make and sign written findings of fact upon the issue presented by the objections contained in her written opposition.   The answer to that contention is that the trial court did make findings and did sign the same. The order appealed from as set forth in the transcript consists of more than nine folios. · The trial court recites many facts, among others, " . . . that said Georgina E. Forrest is nominated (in the will) as the executrix of said will, to serve without bonds, and consents to act as such executrix . . . that said decedent never in any way altered or revoked said will . . . or her appointment or right to act as such executrix; that said Georgina E. Forrest never by agreement or otherwise waived, relinquished, or surrendered . . . any of her rights to letters testamentary or to be appointed or to act as such executrix; that at the time of the death of said decedent said Georgina E. Forrest was the wife of said decedent."   We do not note any material fact, pertinent to the issue we are considering, on which the court did not make a finding.   The mere fact that the order and the findings are contained in one document constitutes no legal objection to the latter.   (*Shaingold* v. *Shaingold,* 191 Cal. 438 [216 Pac. 603].)

The next point made by the appellant is that the provisions of the property settlement agreement entered into by and between Georgina E. Forrest and F. G. Forrest were inconsistent with the provisions of the will and operated as a revocation thereof.   An examination of said agreement discloses nothing inconsistent with the provisions of the will. With reference to the right to act as executrix, in said agreement it is provided, "And the parties hereto and each of them, do hereby expressly waive, relinquish, and surrender . . . the right to administer upon the estate of the other party."   That provision it may be conceded would have been pertinent if this were an application for letters of administration but it is an application for letters testamentary.   Section 407 of the Probate Code provides: "Objections to appointment.   Any person interested in the estate or will may file objections in writing to granting letters testamentary to the persons named as executors, or any of them, and the

objections must be heard and determined by the court; a petition may, at the same time, be filed for letters of administration with the will annexed. If no objection is made, the court when admitting a will to probate must direct the issuance of letters thereon to the persons named therein as executors who are competent to discharge the trust, unless they or either of them have renounced their right." There was no claim Mrs. Forrest was incompetent. The property settlement agreement mentioned contains no express renunciation. Nor were its provisions inconsistent with the will. In *Estate of Maddux*, 138 Cal. App. 430, at page 431 [32 Pac. (2d) 392], speaking of the provisions of a property settlement agreement, the court said: "By said agreement it was the expressed intention of the parties thereto to forever settle and adjust all mutual and respective rights and obligations arising out of the marriage relation, to determine the respective rights of inheritance, divide all community property between the parties, in full and final settlement of any claim, one upon the other, and to absolve each from future acts of the other affecting property or property rights. The will previously executed was not mentioned therein, nor did the testatrix by her codicil dated thereafter make any change of executor. It is argued, in effect, that the severance of marital property rights and obligations constituted a renunciation of such nomination, but the executed documents do not evidence such intention, nor can it be said that any reason stated for such severance is capable of interpretation as a disqualification. (Prob. Code, sec. 401 et seq.)" So in the instant case there is nothing on the face of the property settlement agreement showing that the existence of the will of the decedent, or any part or portion thereof, was before the contracting parties.

In her next point the appellant discusses the rights of the legatees named in the will to take thereunder. Those questions are not involved on this appeal except to show the disqualification of Mrs. Forrest; and, as stated by the court in *Estate of Maddux, supra,* they do not show a disqualification.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1941.