[Civ. No. 13885. Second Dist., Div. Three. May 29, 1943.]

H. F. NEWLAND as Executor, etc., et al., Respondents, v. EDWARD E. HATCH et al., Defendants; ELLA S. HATCH, Appellant.

Bartlett & Kearney for Appellant.

Stanley M. Arndt, Andrew O. Porter and Charles V. Caldwell for Respondents.

BISHOP, J. pro tem.— We are asked to reverse the judgment in this case not because it is claimed an injustice has been done, but because, it is argued, there has been an error in pleading and practice. The appellant, defendant Ella S. Hatch, takes the position that the court made findings on issues foreign to the pleadings, and that the judgment, from which she appeals, makes an adjudication upon a subject matter which the pleadings nowhere mention. Appellant's criticisms are well taken, but in spite of them, we have concluded, the judgment should be affirmed, for the subject matter and issues, while not introduced by the pleadings, appear to bear no distant relation to them, and as the appeal is presented to us on the judgment roll alone we may reasonably, and must, presume that the issues were tried with the mutual consent of the parties.

This action was brought by some judgment creditors of defendant Edward E. Hatch to have a conveyance of real property, made by him to the appellant, set aside as fraudulent and void as to the plaintiffs. By her answer appellant denied most of the allegations of the complaint, and added as

an affirmative defense that the real property in question had been conveyed to her and her husband as joint tenants and that she (appellant) had never disposed of her interest in any way. It will be noted that the complaint and answer are both silent as to a trust deed upon the real property with which they are concerned.

The findings, however, not only determined that the real property involved had been conveyed by grant deed to appellant and her husband as joint tenants, so that plaintiffs' judgment lien attached to only an undivided one-half interest in it, but went on to find that the grant deed was made subject to a deed of trust upon the property for $3,500, which sum the appellant and her husband had assumed and agreed to pay. This trust deed, it is then found, was paid off by appellant's husband, his payment of her half of the obligation constituting a gift of $1,750 to her, a gift fraudulent as to plaintiffs. The judgment contains a number of provisions calculated to circumvent these two fraudulent acts of appellant's husband.

As already indicated, appellant's attack upon the judgment, as set forth in her "Statement of Question Involved," is based upon the fact that the pleadings made no mention of the payment by appellant's husband of the obligation secured by a trust deed, yet much of the judgment is taken up with this subject and findings were made respecting it. What the answer to appellant's question would be if in this action to set aside a fraudulent conveyance there unexpectedly appeared findings on a totally unrelated matter and an adjudication respecting it, we need not determine, for it seems obvious that the trust deed was no stranger to the property involved in this action and it was introduced into the case when appellant introduced the grant deed on which she relied in her answer. There is, then, no shock occasioned if we indulge in the presumption, which in the absence of both a bill of exceptions and a reporter's transcript we must do, that the parties tried the issue as to the fraudulent payment of the trust deed as though it were properly and sufficiently pleaded, with the result that appellant cannot be heard now to complain that it was not an issue presented by the pleadings. This solution of the problem presented by appellant is recognized in the cases relied upon by her and is required by

16

*Freeman* v. *Gray-Cowan, Inc.,* (1933) 219 Cal. 85 [25 P.2d 415]; *Koshaba* v. *Koshaba,* (1942) 56 Cal.App.2d 302 [132 P.2d 854]; *Consolidated Produce Co.* v. *Takahashi,* (1942) 52 Cal.App.2d 753 [127 P.2d 281], and the many cases which they cite.

The appellant makes a further contention, one not within the issues on this appeal as framed by her Statement of Questions Involved. It is that the trial court erred in its finding that the obligations, upon which plaintiffs' judgment was based, arose prior to the payment of the $3,500, excepting an obligation of $660.21 represented by the sixth count of the complaint. Appellant first finds fault with this finding as being evidentiary. The finding appears to us to be one of ultimate fact; but if it may be characterized as evidentiary, it does not follow that the judgment should be reversed because of that. Then appellant continues: "In the second place, it is quite obvious that if the obligation for $660.21 arose after the payment of the $3,500.00 trust deed any portion of the judgment based upon this finding is contrary to law. Certainly plaintiffs have no right to set aside a transfer made by one defendant to another where the transfer was made before any obligation to the plaintiffs arose." But by previous findings it appears that, omitting the $660.21 count, obligations amounting to $8,792.05 had arisen before the $3,500 was paid, and an indebtedness of $8,792.05 is quite sufficient to serve as the background for setting aside a gift of $1,750.

The judgment is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.