[S. F. No. 16885. In Bank. July 10, 1944.]

HELEN F. BENNETT, Appellant, v. GEORGINA E. FORREST, as Executrix etc., et al., Respondents.

Fletcher A. Cutler, Duncan A. McLeod and Clarence M. Oddie for Appellant.

Marcel E. Cerf, Robinson & Leland for Respondent.

CARTER, J.,—Plaintiff commenced this action against defendant Georgina E. Forrest individually and as executrix of the last will of Francis G. Forrest, her deceased husband, to impress a trust on properties received from his estate by defendant, as legatee.

In 1937, defendant commenced an action against her husband for separate maintenance. Finally, after various proceedings were taken in that action, and on February 28, 1938, the parties entered into a property settlement agreement adjusting all of their property rights. The complaint in the separate maintenance action was amended to state a cause of action for divorce. Defendant was granted an interlocutory decree of divorce in March, 1938. No final decree was ever

entered. Defendant's husband died about 14 months after the interlocutory decree was granted.

The will of Mr. Forrest dated August 6, 1921, together with a codicil dated August 14, 1933, was admitted to probate, and defendant, being named therein as such, was appointed executrix. The will left all of decedent's property, with the exception of one legacy, to defendant. Plaintiff is a sister, and an heir at law of deceased, and she seeks by this action to have it determined that by the property settlement agreement defendant forfeited all right to inherit from the deceased, or take under his will, and that the will was revoked as to defendant, leaving plaintiff as sole heir of deceased.

The property settlement agreement, after disposing of the property provides: ''Each party shall have the right to dispose of his or her property, by last will and testament, or otherwise, and each party agrees that all the estate of the other party shall, subject to the within agreement and to his or her debts and engagements, go and belong to the person, or persons, who would have become entitled thereto if the parties had never been married; and it is further convenanted and agreed that each party will permit any will of the other to be probated, and will allow administration upon his or her estate to be taken out by the persons or person who would have been entitled thereto, if the parties had never been married. . . .

''This agreement is intended to be, and is, a full, complete, entire and final settlement of all property rights between the parties and all rights, duties and obligations arising out of the marital relation now existing, and such rights, duties and obligations as might hereafter accrue but for this agreement; and each of the parties hereto does mutually agree to and does by these presents forever release and discharge the other party from all obligations, either in law, or in equity, arising out of the marital relation, or otherwise, for support, maintenance, alimony, court costs or counsel fees, and shall thenceforth entertain no claim upon the other, either conjugal, or otherwise, except as set forth in this agreement. Each party hereto further agrees to, and by these presents does waive, relinquish, quitclaim and release all right, title, claim or demand of every nature in and to any property, either real, personal or mixed, to be held or owned at any time in the

future by the other party hereto, whether acquired by purchase, gift, bequest, descent, devise, or in any other manner, and wheresoever such property may be situate. And the parties hereto, and each of them, do hereby expressly waive, relinquish and surrender any and all claims and rights to inherit or claim dower in, or family allowance or homestead from, or otherwise secure an interest in, any property whatsoever by, through or from the other party hereto, which claim and right said parties, and each of them, respectively do hereby relinquish and surrender in favor of all of the heirs, legatees, devisees and assigns of such party so dying, and to the exclusion of either and each of said first and second parties hereto, respectively, including the right to administer upon the estate of the other party.''

It is alleged in the complaint that decedent's will was admitted to probate and defendant duly qualified as executrix thereof. Defendant, in her answer, denies the legal effect given to the property settlement agreement in the complaint and alleges in paragraph II of her first answer, ''that heretofore in the probate proceedings (in decedent's estate) . . . in proceedings wherein plaintiff herein and defendants herein were parties and were on opposite sides, an order was duly made and entered in said proceedings wherein it was adjudicated that plaintiff was not the sole heir at law of said Francis G. Forrest, deceased; that plaintiff herein appealed from said order, and said order was affirmed on appeal, and remittitur filed in said proceedings.'' And in paragraph III of her first answer, that defendant ''claims to be entitled to distribution of a portion of the property of said estate pursuant to the terms of said will referred to in said complaint; that Georgina E. Forrest, as such executrix, has filed in said probate proceedings a petition for distribution of said estate to Georgina E. Forrest, individually, and to Jane B. Forrest, pursuant to the terms of said will; that plaintiff herein has filed objections to said petition and has petitioned for distribution of said estate to herself; that said petition and the objections thereto have been heard and submitted to the court for decision, and decision thereon is now pending; that said objections seek distribution of said estate to plaintiff upon the same grounds asserted in the complaint herein.'' In her second separate answer she alleges ''that the issues, if any, pre-

sented by the complaint have been determined in said probate proceedings.'' The court found that all of the foregoing allegations in defendant's answer are true, except in reference to the allegation in paragraph III of the first answer in which it found ''that in said probate proceedings a decree of distribution was heretofore made and entered directing distribution of said estate as prayed in the petition for distribution therein, that no appeal was taken therefrom, and that said decree has become final.'' Upon plaintiff's motion for a new trial the court amended its finding that the allegations as to the second answer were true by stating that the decree of distribution contained a finding ''that prior to the death of said Francis G. Forrest, and after the execution of said agreement, said decedent and Georgina E. Forrest effected and consummated a reconciliation and resumed marital relations; that said agreement dated February 28th, 1938, including the provisions thereof set forth in the opposition of Helen F. Bennett to petition for final discharge, was not in force or effect at the time of the death of said decedent;

''That said decree of distribution was made and entered in said probate proceedings on December 18, 1941, and that no appeal has been taken from said decree of distribution, and that the time for appeal therefrom has expired.

''This court does not find that this finding is res adjudicata.''

The allegation in paragraph II of the first answer of defendant, quoted above, referring to an order in the probate proceedings as having been affirmed on appeal, apparently refers to the order appointing defendant as executrix of the estate over the objection of plaintiff who there asserted that by the property settlement agreement defendant had waived her right to serve as executrix. (See *Estate of Forrest*, 43 Cal.App.2d 347 [110 P.2d 1023].) There the court affirmed the order of appointment, but stated that no issue was involved in regard to the right to take as a legatee under the will. (*Estate of Forrest, supra*, 350.)

The findings of the trial court above-mentioned present the question of whether the decree of distribution was res judicata in the probate proceedings on the cause of action stated by plaintiff. The issues presented were whether or not decedent's will was revoked as to defendant by the property settle-

ment agreement, who was entitled to take under the will, and the matters incidental thereto such as the validity and effect of the agreement.

Ancilliary to and as an incident of the probate court's jurisdiction it had power to determine, as it did, the effect of the agreement on the will and to whom the property of the estate was to be distributed. It has been held generally that "Under various circumstances the probate court may determine the validity and effect of contracts when ancilliary to a proper judgment by it." (*Dobbins* v. *Title Guarantee & Trust Co.*, 22 Cal.2d 64, 68 [136 P.2d 572].) It has been held particularly, that in a proceeding to remove a wife as administratrix of the husband's estate, on the ground that she has ceased to be an heir by virtue of a marriage settlement agreement, the probate court has jurisdiction to adjudicate the validity and effect of the agreement (*Estate of Cover*, 188 Cal. 133 [204 P. 583]; See *Estate of Warner*, 6 Cal.App. 361 [92 P. 191]; *Estate of Dobbins*, 36 Cal.App.2d 536 [97 P.2d 1051]; *Estate of McNutt*, 36 Cal.App.2d 542 [98 P.2d 253]); that in passing upon a petition by a widow for family allowance from her deceased husband's estate the validity and effect of a property settlement agreement may be determined (*Estate of Yoell*, 164 Cal. 540 [129 P. 999]; *Estate of Hamalian*, 57 Cal.App. 169 [206 P. 1011]); that the validity and effect of a property settlement agreement could be considered in a will contest on the issue of sufficiency of the husband's interest to contest the will (*Estate of Edelman*, 148 Cal. 233 [82 P. 962, 113 Am.St.Rep. 231]); that an agreement did or did not constitute a renunciation of heirship in proceedings to determine heirship, and the validity thereof (*Estate of McClelland*, 181 Cal. 227 [183 P. 798]); and that a probate court in distribution proceedings may pass upon the question of whether or not one claiming to be an heir held such status by reason of an agreement between the deceased and another in which the former agreed to adopt the claimant. (*Johnson* v. *Superior Court*, 102 Cal.App. 178 [283 P. 331].) It is of some significance, although the particular point was not discussed, that in the following cases the issue of the effect of a property settlement agreement upon the right to take by will or succession was adjudicated by the probate court. (*Estate of Crane*, 6 Cal.2d 218 [57 P.2d 476, 104 A.L.R.

1101]; *Estate of Boeson,* 201 Cal. 36, 41 [255 P. 800]; *Estate of Walker,* 169 Cal. 400 [146 P. 868]; *Estate of Martin,* 166 Cal. 399 [137 P. 2]; *Estate of Winslow,* 121 Cal. 92 [53 P. 362]; *In re Davis,* 106 Cal. 453 [39 P. 756]; *Estate of Minier,* 215 Cal. 31 [8 P.2d 123, 81 A.L.R. 689]; *Estate of Johnson,* 31 Cal.App.2d 251 [87 P.2d 900]; but see *Weinstein* v. *Moers,* 207 Cal. 534 [279 P. 444].)   In the distribution proceedings in the instant case the issue to be determined was: Who were entitled to take as beneficiaries of the estate?   As an incident to that determination the effect of the property settlement agreement could be determined; that is, whether it be viewed as constituting a renunciation by the defendant of the legacy under the will or a revocation of such legacy pursuant to section 73 of the Probate Code.

Plaintiff cites and relies upon cases holding first, that a probate court may not determine the effect or validity of an agreement to make a will or devise property to a designated person in the probate proceeding following the death of one of the contracting parties (see 26 Cal.Jur. 834, § 163), and second, that a probate court has no jurisdiction to determine claims or titles adverse to the estate (*Wilkerson* v. *Seib,* 20 Cal.2d 556 [127 P.2d 904]; see 11A Cal.Jur. 94-96).

■   The first proposition is based upon the ambulatory character of a will and that a will cannot be made irrevocable. Such an agreement can have no effect upon the will or the right to legacies thereunder inasmuch as it involves the making of a will after its execution.   A different situation is presented when we have an agreement following a will previously executed.   Then the issue is not whether there has been a breach of the agreement.   It becomes a question of what effect, if any, the agreement would have in respect to a revocation of the will or a legacy under section 73 of the Probate Code or a relinquishment of any legacy or devise made in the will.   Certainly a determination of whether a will or a legacy or devise thereunder has been revoked or relinquished is for the probate court inasmuch as the direct problem presented is the effectiveness of the will and who may take thereunder.   The effect of a contract bearing upon that subject is an incidental matter that may be determined.   To epitomize what we have said, the agreement in the instant case is manifestly not one to make a will, and the issue here presented is the effect of an agreement on a will already made.

■ The second rule above-mentioned is not applicable because the claim of plaintiff is not the assertion of a title or interest adverse to the estate in the sense that phrase is used. She is an heir of the deceased by reason of her kinship and she must rest her claim on that basis. True, the agreement provides as appears from the above-quoted excerpt therefrom that defendant relinquishes her right as an heir in favor of the heirs, devisees and legatees of the decedent, but that relinquishment takes nothing away from the estate. If it does anything it restores the property to the estate, the only issue being who are the heirs and qualified to take from the estate either by will or intestate succession. The relinquishment amounts to nothing more than leaving the decedent free to dispose of his property as he pleases whether that be by an act during life or by operation of law on death under the rules of intestate succession. Basically, plaintiff's claim must be derived from her status as an heir. The agreement does not affect that circumstance. It comes into the picture only as a factor in determining whether she is an heir who is entitled to inherit, which involves such questions as the degree of kinship, the presence or absence of prior heirs, or the existence of property which may pass by intestate succession depending upon the presence or absence of a will under which others may take. Hence, we cannot agree with plaintiff's assertion that she is claiming the title to the property under the property settlement agreement and thus adverse to the estate.

■ Plaintiff contends that the defense of res judicata was not pleaded and that the finding was against it. With respect to the pleading it is apparent from the heretofore quoted excerpts from defendant's answer that at the time it was filed the petition for the decree of distribution was pending in the probate court and defendant so asserted in her pleadings. She could do no more as the decree had not been rendered. Technically, the proper procedure would have been for her to file an amended or supplemental pleading after the decree of distribution was made. However, it is apparent from the findings that the issue was fully litigated. It is found that the identical issues raised in the trial in the instant case were determined in the probate proceedings, that is, the effect of the property settlement agreement on defendant's right to

take under the will. All the customary elements such as identity of subject matter, parties and the like were adjudicated. It is true that the findings mention a reconciliation as being a determinative factor nullifying the effect of the agreement, but we are not concerned with the validity or invalidity of the rules of law applied. The probate court having jurisdiction, its conclusion, right or wrong, is binding. ██ The appeal being taken upon the judgment roll alone, and findings having been made which lead to only one conclusion, namely, that the issue was determined in the probate proceedings, it will be assumed on appeal that any objection to defects or insufficiency in pleading the defense was waived impliedly or by stipulation. (See *Sanguinetti* v. *Sanguinetti,* 9 Cal.2d 95 [69 P.2d 845, 111 A.L.R. 342] ; *Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673 [22 P.2d 5] ; *Bonnelfillio* v. *Ricks,* 214 Cal. 287 [4 P.2d 929] ; *Newland* v. *Hatch,* 59 Cal.App.2d 13 [137 P.2d 884].)

██ Defendant asserts that the trial court's finding that: "This court does not find that this finding is res judicata" (that sentence appears in the foregoing quoted excerpt from the findings) eliminates the probate decree as being res judicata because the trial court must find on that issue. As we have seen all of the factors necessary to make the decree of distribution available as a bar were found. The ultimate conclusion of whether it was res judicata was one of law rather than fact. The statement is peculiarly worded and might imply that the court does not find on the law issue one way or the other. But assuming it is a negative finding it is nothing more than a legal conclusion from the facts found, a matter upon which this court is at liberty to draw the correct conclusion to support the judgment. There is nothing in *Reidy* v. *Superior Court,* 220 Cal. 111 [29 P.2d 780], contrary to those views. There this court merely refused to prohibit proceedings in an action in which the defense of res judicata was raised because such a plea did not oust the trial court of jurisdiction. Nor are the cases of *Baird* v. *Superior Court,* 204 Cal. 408 [268 P. 640], *Rideaux* v. *Torgrimson,* 12 Cal.2d 633 [86 P.2d 826], and *United Security Bank & Trust Co.* v. *Superior Court,* 205 Cal. 167 [270 P. 184], contrary. Those cases merely adhere to the proposition that a claim of res judicata does not oust a court of jurisdiction and that once

the trial court has made its final adjudication that a former judgment is not a bar in the instant action, that determination is final and conclusive whether right or wrong. They do not involve the question of whether a judgment may be affirmed on appeal on the ground that a former judgment is res judicata when in the light of the facts found the question of the legal effect of the former judgment is merely a legal conclusion and the trial court's contrary conclusion on that issue.

The foregoing conclusions are not altered by the plaintiff's assertion that she claims that defendant holds the property for her as an involuntary trustee. ■ A constructive trust where one unlawfully comes into possession of property of a decedent is one imposed by law. The essential question is whether it came to them unlawfully. That issue as we have seen was determined adversely to plaintiff in the probate proceeding and is res judicata. ■ Plaintiff alleged that defendant's claim under the will is in violation of the property settlement agreement and "constitutes a fraud upon plaintiff." At most the fraud would be constructive (see *Weinstein* v. *Moers, supra*); no specific acts of fraud are alleged and the court found those allegations untrue. There are no pleadings or findings even approaching a showing of extrinsic fraud in obtaining the decree of distribution.

For the foregoing reasons the judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Schauer, J., concurred.

TRAYNOR, J.—I concur in the judgment but for reasons other than in the majority opinion.

The majority opinion rejects plaintiff's contention that decedent revoked the legacy to his widow by executing the property settlement agreement, on the ground that the decree of distribution operates as a bar to this cause of action, that "ancillary to and incident of the probate court's jurisdiction it had power to determine, as it did, the effect of the agreement on the will and to whom the property of the estate was to be distributed." In concluding that the probate court decided the issue concerning the revocation of the legacy as an incident of the distribution of the estate, the majority opinion relies upon the finding in the distribution decree that the

spouses had effected a reconciliation and that their agreement was not in effect at the time of decedent's death. It is my opinion that this finding has no bearing on the issue of revocation. If decedent revoked the legacy by executing the agreement, the subsequent suspension of the agreement by reconciliation would not revive the legacy. (*In re Lones,* 108 Cal. 688 [41 P. 771] ; see, Ferrier, *Revival of a Revoked Will,* 28 Cal.L.Rev. 265, 266.) The finding in question simply indicates that the agreement did not prevent defendant from asserting rights to her husband's estate as a legatee under his will. The question whether the agreement had become inoperative before decedent's death was within the jurisdiction of the probate court, for that court may refuse to distribute any part of the estate to a legatee claiming under a valid will, if the legatee by a previous agreement or otherwise is estopped to assert his rights under the will. (*Estate of Crane,* 6 Cal.2d 218 [57 P.2d 476, 104 A.L.R. 1101].) The probate court, however, has no jurisdiction, in a proceeding directed to the distribution of the estate, to determine whether the will was revoked. Since this question concerns the validity of the will submitted to probate, it can be litigated and decided only in a will contest. (*Estate of Parsons,* 196 Cal. 294 [237 P. 744].) If no contest is initiated within the period allowed in sections 380 and 384 of the Probate Code, the order admitting the will to probate is conclusive under section 384 as to the validity of the will. (*Estate of Parsons, supra; Estate of Baker,* 170 Cal. 578, 585 [150 P. 989] ; *Estate of Duraind,* 51 Cal.App.2d 206, 213 [124 P.2d 330].) Plaintiff did not institute a will contest within the six-month period allowed by section 380, and is therefore bound as to the issue of revocation by the finality of the order admitting the will to probate.

The question remains whether plaintiff in seeking to impress a trust on the property received by defendant from the estate can rely on the theory that she seeks specific performance of the property settlement agreement as a third party beneficiary. It is settled that a contract of a person to dispose of his property by will in a particular manner can be given effect as against the will, not by the probate court but by a court of equity, and that the remedy to impress a trust on the property received by the legatee is in the nature of specific performance of the contract. (*Estate of Rolls,* 193 Cal. 594

[226 P. 608]; *Wolf* v. *Donahue,* 206 Cal. 213, 220 [273 P. 547]; *Notten* v. *Mensing,* 3 Cal.2d 469, 473 [45 P.2d 198].) This remedy applies also to a contract between testator and legatee in which the legatee renounces the right to take under the will. (*Weinstein* v. *Moers,* 207 Cal. 534 [279 P. 444].) Since the remedy is in the nature of specific performance, it does not depend, as suggested in the majority opinion, upon extrinsic fraud. For another reason, however, plaintiff cannot have a trust impressed upon the property. She cannot have such relief without showing that the executory provisions of the agreement were in effect at the time of decedent's death. She is precluded from so doing by the probate court's finding that as a result of a reconciliation of the spouses, the agreement was not in effect at the time of decedent's death. This finding, though made upon another cause of action, is conclusive upon plaintiff as to this previously litigated issue, since a decision rendered between the same parties on the same issue estops either party from relitigating the issue even in another court or on a different cause of action. (*English* v. *English,* 9 Cal.2d 358 [70 P.2d 625, 128 A.L.R. 467]; *Sutphin* v. *Speik,* 15 Cal.2d 195, 201 [99 P.2d 652, 101 P.2d 497]; *Johnson* v. *Fontana County F.P. Dist.,* 15 Cal.2d 380, 389 [101 P.2d 1092]; see Restatement, Judgments, § 68.)