[Civ. No. 19667.   Second Dist., Div. One.   Sept. 17, 1953.]

Estate of HILDA M. HADSELL, Deceased. HERBERT V. HADSELL, Appellant, v. LENA GROSJEAN et al., Respondents.

Julian P. Van Dyke for Appellant.

No appearance for Respondents.

DRAPEAU, J.—Hilda M. Hadsell died August 11, 1952. By her last will and testament she left all of her property to her husband, Herbert V. Hadsell. Her estate was of the estimated value of $3,000.

After her will was executed, decedent and her husband entered into a property settlement agreement. When she died husband and wife were not living together, but divorce proceedings between them had not come to final or interlocutory decree.

Only one question is involved in this appeal: Did the husband by the property agreement waive his right to take under his wife's will, or to be appointed her executor?

That part of the property agreement pertinent to this question is as follows:

"SIXTH: That neither party hereto will, in any manner contest or oppose the probate of the other's will, whether heretofore made, or hereafter made, or interfere with the other, their heirs or assigns, in the exercise of the rights of the parties hereto. It is agreed that neither party will at any time hereafter assert any right, title or interest as heir-

at-law, or otherwise of the other to any property devised or bequeathed by such will, or as against the estate of the other, should the other die intestate, and all claims as such heir, or as surviving husband and wife respectively, and the right to contest or oppose the will of the other is hereby expressly waived, together with the right to administer, or to apply for Letters of Administration, or Letters Testamentary, upon the estate of the other. The parties also waive all rights of probate, homestead and family allowance."

. Petition for probate of the will and for letters testamentary was filed by the husband. Petition for probate of the will and for letters of administration with the will annexed was filed by a brother of decedent. Objections to the husband's petition were filed by the mother of decedent.

After hearing, the probate court made the following orders: that the will be admitted to probate, that the brother be appointed administrator with the will annexed, and that letters of administration with the will annexed be issued to the brother upon his taking the usual oath of office and filing the usual bond.

The husband appeals.

■ Unless a property settlement agreement specifically renounces the right, such agreement does not estop a surviving husband or wife to take under the will of the other.
■ And the will speaks from and as of the date of the testator's death. (*Estate of Crane,* 6 Cal.2d 218 [57 P.2d 476, 104 A.L.R. 1101].)

■ A property settlement agreement by a wife, relinquishing all right to any interest in her husband's estate, was not inconsistent with the husband's will, executed before the agreement, leaving his property to her. "The relinquishment amounts to nothing more than leaving the decedent free to dispose of his property as he pleases . . ." (*Bennett* v. *Forrest,* 24 Cal.2d 485, 493 [150 P.2d 416].)

■ A property settlement agreement does not revoke a previous appointment of a husband as executor of his wife's will, when the testatrix failed to change her executor in a codicil executed after the agreement. (*Estate of Maddux,* 138 Cal.App. 430 [32 P.2d 392].)

■ Unless a property settlement agreement contains an express renunciation of the right of one spouse to act as executor of the other's will. the survivor has the right, and is entitled to act as such executor. (*Estate of Forrest,* 43 Cal. App.2d 347 [110 P.2d 1023].)

It was therefore error for the probate court to deny appellant's petition, and to declare him estopped to take under the will.

The trial court made a finding and also a conclusion of law reading as follows:

"That the said Herbert V. Hadsell by an instrument in writing waived, forfeited and renounced any right to any part of deceased's estate as husband or heir at law or under or by the terms of any will of deceased, or to Letters Testamentary thereon."

In view of the desirability of disposing of all matters here involved, this language may, we think, be treated as an order determining persons to whom distribution should be made, appealable under the provisions of section 1240 of the Probate Code. So treated, the order is reversed. (*Cf. Estate of Forrest, supra,* and *Bennett* v. *Forrest, supra.*)

The order appointing the brother administrator with the will annexed and the order for letters of administration with the will annexed are, and each of them is, reversed. The probate court is directed to make its order appointing appellant executor under the will, and to proceed with the administration of the estate, in accordance with the views hereunder expressed and the terms of the will.

White, P. J., and Doran, J., concurred.