# PRICE v. PRICE et al.—269 S. W. (2d) 920.

Western Division at Jackson.  March 2, 1954.

Petition for Certiorari denied May 31, 1954.

R. L. Gallimore, of Martin, Harry E. Jones, of Dresden, for plaintiff-in-error.

Aaron Brown, of Paris, for defendants-in-error.

SWEPSTON, J., There are only two questions raised by this appeal: (1) whether the will of William M. Price, deceased, was revoked either by implication of law or by the intent and act of the testator and (2) whether the widow, Mrs Katherine Price, is estopped by a separation and property settlement agreement to probate said alleged will and to take under same.

Testator executed his will on November 27, 1944 in which he nominated his wife, Mrs. Price, executrix, directed the payment of debts, devised to her a house and two lots, made no other bequests or devises and omitted a residuary clause.

On November 6, 1952 he and his wife executed the separation and property settlement agreement which is lengthy and detailed and quite inclusive, but which does

not refer in any way to the above existing testamentary paper, nor to a revocation of same. By this agreement, among other things, she released, transferred, conveyed, etc. in fee any interest "she now has or may have, or any time hereafter might have," in and to the same realty specifically described in the will.

On December 7, 1952, Mr. Price died survived by the widow and two children by a former marriage, the contestants herein.

The widow offered said will for probate as executrix of same. The heirs filed a petition for contest and the record was certified to the Circuit Court for trial to a jury on the issue of devisavit vel non.

Proof was taken and shows without question the valid execution of the will as of its date. The evidence further showed that prior to the separation agreement the will was turned over to the wife and remained in the hands of her attorney until after Mr. Price died.

At the conclusion of all of the evidence, each side moved for a directed verdict. The Court overruled the motion of Mrs. Price, the proponent, and granted the motion of the contestant heirs, and held that the paper writing is not the will of deceased "because the contract between the testator and the proponent to the alleged will is so broad and all inclusive that it was intended by the testator, at least, as an implied revocation of his will, and by the same reason the agreement would operate as an estoppel, against the proponent to claim under his will, and the same is hereby vacated, annulled and set aside."

The assignments of error by proponent properly raise the two questions on appeal stated above.

As the first question, it is the contention of appellants that, while the majority rule is that a property settle-

ment and a divorce together impliedly as a matter of law revoke a prior will of the husband in favor of the wife, as the Court held in the case of Rankin v. Mc-Dearman, 270 S. W. (2d) 660, Carney, J., but that neither divorce alone nor property settlement alone will have such effect.

We are cited to no authority by either counsel, and we have been unable to find any, holding that a property settlement alone effects a revocation of a prior will as a matter of law. Counsel for contestant quotes from the case of Lansing v. Haynes, 95 Mich. 16, 54 N.W. 699, but the property settlement there was followed by a divorce shortly afterwards and is authority for the rule above stated and applied by this Court in the recent case above referred to.

■ Since it is generally held that divorce alone does not amount to such a change of conditions as will effect a revocation as a matter of law of a prior will, we do not think a separation agreement and property settlement would have such effect.

Hence, we hold it was error for the trial court to so rule.

■ It is the contention of contestants, however, that if there was no revocation to be implied as a matter of law from the act of executing the property settlement agreement, there was nevertheless an intentional revocation established by the act of executing the property settlement coupled with the fact that he did not have possession of the will and hence, it is said, could not revoke it by tearing, burning, cancellation, mutilation or other act upon the will itself and so he used this method of revoking it by executing a property settlement in which the wife released and conveyed all her interest in the designated property that she might now or ever have.

The ways in which a will may be revoked are set out in Caruther's History of a Lawsuit (7th Ed.) Section 697, citing our cases on the subject. It may be accomplished by destruction or mutilation of the writing animo revocavdi, or by a simple direct writing on the paper showing a clear intention to revoke, as in Billington v. Jones, 108 Tenn. 234, 66 S.W. 1127, 56 L.R.A. 654 (lands) where no other disposition of the property is made, or, if a will of lands, by a separate instrument of equal solemnity, which under our statute as construed in Greer v. McCrackin, 7 Tenn., Peck, 301 means either by a holographic will or by an instrument subscribed and attested and which either expressly revokes the will or does so by necessary implication from the inconsistency between the two testamentary papers; and lastly by implication of law from a change of circumstances referred to supra.

Since in the present case the testator, although not in possession of the will, could have revoked it by a separate writing of equal solemnity but did not do so, and since there was no manifest act on the will itself, we think there was no revocation in fact, as well as none in law as we have heretofore held.

Referring to the second question—estoppel, there are two aspects of same (a) estoppel to take under the will and (b) estoppel to offer the will for probate.

■ · As to the second aspect, and apart from the question of estoppel to take the devise, since we have held that the will was not revoked, then it was Mrs. Price's duty and right as the nominated executrix and as such a party in interest to offer the will for probate, else to resign the trust.

Pritchard on Wills (2 ed.) Sections 30 and 316.

Her interest and right as executrix with the duty to

collect and preserve the assets of the estate and to pay debts is quite distinct from her right, if any, as a beneficiary.

■ Hence, we think it was error to direct a verdict against the will which was proved to have been validly executed and to be unrevoked.

■ As to the second aspect, estoppel to take under the devise, since this involves a question of the construction of the contract not germane or necessary to the question of the probate of the will, we think it had no place in the issue before the court of devisavit vel non.

The construction of this contract, or its validity, or any defenses to the same are questions more properly suited to litigation in another proceeding in which the property rights of the parties can be settled. In re Forrest's Estate, 43 Cal. App. (2d) 347, 110 P. (2d) 1023.

For those reasons we do not think the cases of Gore v. Howard, 94 Tenn. 577, 30 S.W. 730; Wynne v. Spiers, 7 Hump. 394 and related cases appertaining to the question of the right of a party to contest a will, where he has contracted away his interest in the estate, are applicable to the present situation.

The assignments of error are sustained, the judgment below is reversed, and a verdict is directed in favor of the will and the case is remanded to the Circuit Court with direction that a judgment be entered there probating the will and the proceedings certified to the county court of Henry County in accordance with the pertinent provisions of the Code.

Costs will be paid by the executrix from assets of the estate.

Avery and Carney, JJ., concur.