BURCH, J.
Plaintiffs appeal on a settled statement from a judgment for defendants. The action is one for damages for breach of contract and for neglectful and unskillful work in laying a concrete slab. According to plaintiffs, as set forth in their brief, “The only question involved is whether it was proper for the trial court to admit evidence, oral and written, of prior negotiations to contradict the terms of a written instrument.” Attached to plaintiffs’ complaint is a copy of the writing upon which they rely as the integration of the agreement of the parties. The original writing was introduced as an exhibit at the trial and reads as follows:
“April 25, 1952
“A. C. and E. B. Gordas
1430 Diamond
San Diego, California
“We agree to form and pour concrete slab for home as per plans at 1090 Santa Fe, Encinitas California including 2" rock fill, reenforcing steel, and 15# felt membrane for the sum of $568.80. Full payment due and payable when job is completed.
/s/ George E. Wright
George E. Wright
Accepted:
_A. C. Gordas_
A. C. and E. B. Gordas”
The job was completed and paid for by plaintiffs on May 17, 1952.
Upon examining the writing, we are met with an uncertainty as to how the work is to progress “as per plans” because the writing makes no mention as to their identification. This uncertainty required evidence extraneous to and in addition to the writing. In undertaking to make certain that which was uncertain in the writing, the plaintiff A. C. Cordas, himself, introduced testimony pointing to certain plans which he had himself theretofore drawn and which, indeed, provided for a binder to form tensile strength con *869 sisting of a wire mesh “6x6x8x8” to be laid in the slab. The defendants countered this evidence and testified that before the writing was executed by the parties they agreed to the elimination of the wire mesh binder, which testimony gives a totally different picture from that of the plaintiffs as to whether the work was performed in accordance with the mutual intent of the parties. Defendant George E. Wright testified further that the concrete slab he laid faced the extra hazard of exceptional dry air on the .day the work was done, and that the slab was damaged by this fact; that an unusual amount of cracks developed; that he promised plaintiffs that he could and would overcome these defects when the remainder of the construction was completed, but that plaintiffs refused the offer and decided upon suit instead.
It is the introduction of this extraneous evidence presented by defendant George E. Wright rather than his own to which plaintiffs object. Since he has narrowed the question on appeal to the application of the parol evidence rule, we set to one side any question of an implied warranty of the defendants that the work be done in a workmanlike manner and that the materials used were suitable to the purpose.
Our only question, then, is whether the trial court acted properly in receiving evidence to make certain that which the writing left uncertain; or, stated more pointedly, does the contract by the words “as per plans” refer to the original plans drawn by the plaintiffs or their modification as testified to by the defendant George E. Wright.
It is thus apparent that the contract is not. clear on its face. In such cases, evidence that the negotiations of the parties and of surrounding circumstances is held admissible for the purpose of determining the meaning of the writing. (Code Civ. Proc., §§ 1856, 1860; Union Oil Co. v. Union Sugar Co., 31 Cal.2d 300 [188 P.2d 470]; Universal Sales Corp v. California Press Mfg. Co., 20 Cal.2d 751, 761 [128 P.2d 665]; Wachs v. Wachs, 11 Cal.2d 322, 326 [79 P.2d 1085]; Balfour v. Fresno Canal & Irr. Co., 109 Cal. 221, 223 [41 P. 876]; Weinstein v. Moers, 207 Cal. 534, 540 [279 P. 444]; McNeny v. Touchstone, 7 Cal.2d 429, 433 [60 P.2d 986]; Body-Steffner Co. v. Flotill Products, Inc., 63 Cal.App.2d 555, 561 [147 P.2d 84]; McBain California Evidence Manual, 408, 409.)
The principle is fundamental in this and other jurisdictions that where the parties, by reason of mistake of omission or inaptness of expression, the words employed are of doubtful or uncertain meaning as related to the contractual *870 obligation, extraneous evidence will be received, not to make a new contract but to discover what is, in fact, the agreement. As stated in United Iron Works v. Outer Harbor etc. Co., 168 Cal. 81, 84 [141 P. 917]:
“This rule of evidence is invoked and employed only in cases where upon the face of the contract itself there is doubt and the evidence is used to dispel that doubt, not by showing that the parties meant something other than what they said but by showing what they meant by what they said.”
Had the partiés, in fact, “integrated” their agreement into the “writing,” the conflict which the court correctly resolved by extraneous evidence would not have been present, and the court could then have determined, as a matter of law, that parol evidence was unnecessary. (See Estate of Gaines, 15 Cal.2d 255 [100 P.2d 1055]; Fedele v. Dowling, 120 Cal.App.2d 427, 431, 432 [261 P.2d 295]; 102 A.L.R. 287.)
The judgment is affirmed.
Turrentine, P. J., and Glen, J., concurred.